**Paul Kenneth BOWMAN, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. 26467.**

United States Court of Appeals Fifth Circuit.

March 18, 1969.

Rehearing and Rehearing En Banc Denied June 19, 1969.

Guy O. Farmer, II, Jacksonville, Fla., for appellant.

Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for appellee.

Before JOHN R. BROWN, Chief Judge, and THORNBERRY and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge.

Appellant was convicted by a jury of violating 18 U.S.C.A. § 2114, for attempting to rob a United States mail carrier and putting the carrier's life in jeopardy by use of a dangerous weapon. Represented by new appointed counsel, he now appeals from the mandatory minimum sentence of 25 years in prison.

A brief statement of the facts will suffice.[1] Appellant was caught in the

1. Under Rule 18 the Court has placed this case on the Summary Calendar for disposition without oral argument. See Floyd v. Resor, 5 Cir., 1969, 409 F.2d 714 n. 2 [Feb. 24, 1969].

act. After arrest he was advised of his rights by a United States Commissioner on January 4, 1967, at which time appellant advised the Commissioner that he did not desire an attorney at that time. The following week, appellant's wife visited him in the Tallahassee, Florida jail, with court-appointed counsel. Counsel and appellant conferred for approximately 45 minutes, after which counsel advised appellant that he would "work out a defense or plea" for appellant in his case. On March 21, 1967, appellant was transferred to Gainesville, Florida for arraignment, plea, and trial setting. Gainesville is the home of this court-appointed trial counsel. Appellant again conferred with his counsel prior to appearing in Court at which time with counsel present, he waived his right to be indicted and entered a plea of not guilty. The case was set for trial on April 11, 1967, some 20 days later.

On the morning of April 11, the Trial Judge received a letter from appellant, requesting a meeting in Judge's chambers prior to his trial. The Judge granted the request and a meeting was held with the Judge, appellant, appellant's wife, appointed counsel, the United States Attorney, the Assistant United States Attorney, the United States Marshal, and an official court reporter who transcribed the proceedings. Appellant, then, for the first time, advised the Court that he felt counsel had not devoted sufficient time to preparing his case and requested new counsel or a continuance during which time he could procure counsel of his own choosing. The Trial Judge then attempted to ascertain whether counsel was adequately prepared and satisfied himself that he was. We credit fully the Judge's finding that appointed counsel was an experienced advocate. He had previously served as Assistant United States Attorney, had practiced law for some 45 years, and had been known professionally by the Trial Judge for 15

years. Counsel advised the Trial Judge that he was prepared to go to trial. The Trial Court reset the case for later that day but refused to grant a continuance.

A reading of the trial transcript demonstrates that counsel was prepared. Indeed, although appellant alleges that he was denied the effective assistance of counsel, he predicates this wholly on the refusal of the Trial Judge to grant a continuance, and not by showing any possible prejudice resulting from inadequate representation. Appellant's only allegation concerning prejudice is this unrevealing broadside: "The effect on Petitioner's case of the approach taken by his attorney is not known, but by arguing an issue not involved in the case and consequently failing to argue the real issue, Petitioner's case may well have been prejudiced." Apparently what he is trying to contend is that the defense was not adequate on the issue of putting the victim in jeopardy.[2]

Appellant has yet to give any reason for waiting until the 11th hour before bringing his dissatisfaction to the Court's attention. On top of that, he has failed to demonstrate anything more than a hindsight disagreement with counsel's trial strategy. For that matter, he fails completely to indicate what it is that counsel ought to have done. Appellant actively participated in the trial, took the stand, admitted his participation in the robbery scheme, and based his defense on a lack of intent to actually use the gun in his possession. The facts were fully developed. The jury simply would not buy that defense.

We agree with the rationale of the Second Circuit, expressed in United States v. Llanes, 2 Cir., 1967, 374 F.2d 712, 717: "We and other courts of appeals have repeatedly made clear that the right to counsel 'cannot be * * * manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.'

2. See Dorrough v. United States, 5 Cir., 1967, 385 F.2d 887, aff'd en banc, 1968, 397 F.2d 811.

\* \* \* Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay."

Affirmed.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

### PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.