**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Charles W. SEXTON, Defendant-Appellant.**

**No. 72-2817.**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Feb. 6, 1973.

---

* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Calvin M. Whitesell, Montgomery, Ala., for defendant-appellant.

Ira DeMent, U. S. Atty., David B. Byrne, Jr., Wade B. Perry, Jr., Asst. U. S. Attys., Montgomery, Ala., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and GOLDBERG and MORGAN, Circuit Judges.

JOHN R. BROWN, Chief Judge.

Charles W. Sexton was indicted on February 17, 1971 on charges of violating various provisions of the Internal Revenue Code relating to possession of non-tax-paid distilled spirits, 26 U.S.C.A. § 5205(a)(2) and 26 U.S.C.A. § 5604(a)(1). He was tried before a jury and found guilty on June 29, 1971. Appeal was taken to this court and we reversed on April 13, 1972.[1] A new trial was set for the week of June 19, 1972.

On June 15, 1972, Sexton's attorney petitioned the court to be discharged as court-appointed counsel in the case.[2] On the same day Sexton filed a general motion for continuance on the ground that his newly retained counsel was to be engaged in another trial on the day prior to the date set for trial and thus would not have adequate time to prepare a defense. The court issued an order denying the petition to discharge counsel as well as the defendant's motion for continuance. On June 16, 1972 Sexton filed a pro se motion in the nature of a motion for reconsideration requesting that counsel newly retained by his parents be allowed to represent him and that court-appointed counsel be discharged. He further requested that the district Judge recuse himself on the ground of prejudice. The motion was denied by order on the same day.[3] Trial of the case was

---

1. United States v. Sexton, 5 Cir., 1972, 456 F.2d 961.

2. Petitioner requested discharge upon grounds: (i) that he had been discharged by Sexton and (ii) that Sexton had informed him that he had retained the services of another attorney to represent him in the case.

3. The court's order stated in part:
    "It appears to the court that the Honorable Maultsby Waller, who represented the defendant in the original trial of this case and who secured a reversal of the defendant's conviction in

said trial, is able to try the case at the appointed time. The court is of the opinion that the defendant's family is delinquent in not securing privately employed counsel until a time when such counsel, because of other obligations, would not be able to prepare for trial of the case.
    This court is of further opinion that the defendant's family seeks to delay the trial of said case by employing counsel at such a late period of time."
    The order further stated:
    "Should the attorney employed by defendant's family find time to prepare

commenced on June 20, 1972 and a jury verdict of guilty was returned on the following day. This appeal timely followed. We affirm.

### I.

Appellant first contends that the court's refusal to discharge court-appointed counsel and its denial of the motions for continuance together amounted to an abuse of discretion by the trial judge which thereby deprived appellant of his right to effective assistance of counsel of his choice.

We hold that the trial court's denial of Sexton's motions did not deprive him of any constitutional right. While it cannot be disputed that the Sixth Amendment to the Constitution grants an accused in a criminal prosecution an absolute unqualified right to have the assistance of counsel for his defense, it does not necessarily follow that his right *to a particular counsel* is absolute and unqualified. United States ex rel. Baskerville v. Deegan, 2 Cir., 1970, 428 F.2d 714, cert. denied, 1970, 400 U.S. 928, 91 S.Ct. 193, 27 L.Ed.2d 188. Sexton's freedom of choice of counsel may not be manipulated to subvert the orderly procedure of the courts or to interfere with the fair administration of justice. United States v. Terry, 5 Cir., 1971, 449 F.2d 727.

Here it cannot be said that Sexton was denied ample opportunity to secure counsel of his choice. Following his conviction until the time set for trial, defendant was free on bond. Discounting the time between the judgment of conviction in the first trial and reversal on April 11, 1972, the defendant had sixty-eight days to contact and retain an attorney's services. Nor can it be ar-

gued with any seriousness whatsoever that Sexton's court-appointed counsel was ineffective (see note 3, *supra*).

Furthermore, inspection of the motion for continuance filed by Sexton through the attorney retained by his parents revealed not a clue as to when the retained counsel expected to be able to defend Sexton. Had the motion requested a reasonable delay until a date certain the inclination of the trial judge might have been otherwise. Even as it was, the court indicated its willingness to reconsider the motion for discharge of the court-appointed attorney if the newly retained counsel could prepare himself by the trial date. (See note 3, *supra*).

We cannot hold that the trial judge abused his discretion by concluding that Sexton's eleventh hour motions were interposed for delay. United States v. Hollis, 5 Cir., 1971, 450 F.2d 1207. As we wrote in Bowman v. United States, 5 Cir., 1969, 409 F.2d 225, "Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay."

### II.

Appellant also challenges the adequacy of the court's instruction to the jury and more generally, the sufficiency of the evidence to convict. As we find these contentions wholly without merit there is no need to discuss them in detail. It suffices that we feel that the court below was justified in refusing to instruct on the statutory definition because of the manifestly clear meaning of the term "distilled spirits" and because of the common usage of the terms employed by the agents which plainly referred to distilled spirits.

Affirmed.

---

himself for this case so that he can represent the defendant at the appointed date set for trial the defend-

ant has leave to refile his motion for discharge of court-appointed counsel."