**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Robert J. DILWORTH,**
**Defendant-Appellant.**

**No. 74–3596.**

United States Court of Appeals,
Fifth Circuit.

Dec. 8, 1975.
Rehearing and Rehearing En Banc
Denied Feb. 19, 1976.

Lawrence A. Packard, III, Houston, Tex., Gerald M. Birnberg, Bellaire, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., James R. Gough, Mary L. Sinderson, Asst. U. S. Attys., Houston, Tex., for plaintiff-appellee.

Before JONES, WISDOM and AINSWORTH, Circuit Judges.

PER CURIAM:

This case follows in the wake of the highly publicized Sharpstown Bank scandal, in which twenty-four individuals, including Robert J. Dilworth, defendant-appellant, were indicted. His conviction and two-year sentence were based on a one-count indictment, charging that he gave perjurious statements to a grand jury, in violation of 18 U.S.C. § 1623. On this appeal, he argues, first, that the evidence was insufficient to support the conviction. Second, he argues that the district judge committed reversible error in failing to inquire into the cause of his dissatisfaction with trial counsel, to ensure that he was receiving adequate representation as guaranteed by the Sixth Amendment. We find both arguments without merit and accordingly, affirm.

We find the evidence more than ample to sustain the conviction on the grounds alleged in the one-count indictment.[1] The only issue we need discuss, therefore, is whether the district judge committed reversible error in failing to make a personal inquiry of the

---

1. The appellant erroneously contends that in order to affirm the conviction below, this Court must find that there was sufficient evidence to support the charge of perjury on not one, but all of the three grounds set forth in the one count indictment. For this theory, he relies on the cases of *Leary v. United States*, 1969, 395 U.S. 6, 89 S.Ct. 1532, 23 L.Ed.2d 57, and *Stromberg v. California*, 1931, 283 U.S. 359, 51 S.Ct. 532, 75 L.Ed. 1117, both Supreme Court cases invalidating convictions based on statutes later declared, in whole or in part, unconstitutional. The appellant fails to distinguish, however, between a conviction based on facts which, even if true, could not constitutionally form the basis for criminal sanctions, and a conviction based on facts which, if true, would indeed be grounds for criminal punishment but which the appellant claims were not proven at trial. *Leary* and *Stromberg* do not require such an extension, and this Court has rejected such an argument in the related case of *United States v. Makris*, 5 Cir. 1973, 483 F.2d 1082. Addressing this point, we noted, that "[t]o sustain a perjury conviction, the government need not show that all the testimony set out in a single count of the indictment is false. It is sufficient to prove falsity in regard to one or more material particulars." *Stassi v. United States*, 5 Cir. 1968, 401 F.2d 259, 262, vacated on other grounds, 1969, 394 U.S. 310, 89 S.Ct. 1163, 22 L.Ed.2d 297; *Arena v. United States*, 9 Cir. 1955, 226 F.2d 227, 236, cert. denied, 1956, 350 U.S. 954, 76 S.Ct. 342, 100 L.Ed. 830. Thus, the standard of review urged by the appellant is clearly inappropriate, and this Court need only find that the evidence was sufficient to support a finding of perjury on one of the three grounds set forth by the government in order to affirm the judgment below. In fact, we find the evidence ample to support a conviction on any of the three grounds.

defendant regarding the basis for his dissatisfaction with counsel.

On the day before trial, over thirteen months after the indictment had been filed, Dilworth moved for a continuance, stating that he was "no longer satisfied" with the legal services being rendered by his then present counsel, Mr. Black, that he had discharged Mr. Black, and that he wished to retain new counsel, Mr. Berg, then engaged in another trial expected to last several weeks. Dilworth gave no specific reasons for his dissatisfaction; however, the court held an in camera conference attended by the attorneys for both the government and the defense, including Mr. Berg whom the defendant proposed to substitute for Mr. Black. After "full consideration of all the circumstances", the district court issued its ruling denying the motion for a continuance.

Dilworth's counsel does not contend that the evidence established, as a matter of law, that his trial counsel failed to provide effective representation, nor that the record conclusively shows that Mr. Black's conflicts of interest made partisan representation impossible. Rather, he asserts that a new trial is warranted solely on the basis of the trial court's failure to make personal inquiry as to the basis for Dilworth's dissatisfaction with counsel. To this argument there are at least two responses. First, the vague allegation of "dissatisfaction" with counsel, unsupported by any specific instances of conflict of interest or inadequate representation, raised on the eve of trial, and coupled with the request to substitute an attorney then engaged in another trial, strongly suggests that the motion for a continuance was merely a pretext for delay. Over thirteen months had elapsed since the indictment was filed; during that time the defendant had had ample opportunity to discover and bring to the court's attention any basis for dissatisfaction with his trial counsel. This Court has repeatedly stated that, "[j]udges must be vigilant that requests for appointment for a new attorney on the eve of trial should not become a vehicle for achieving delay." United States v. Sexton, 5 Cir. 1973, 473 F.2d 512, 514, citing Bowman v. United States, 5 Cir. 1969, 409 F.2d 225, 227.

Second, though Dilworth charges the court with reversible error in failing to make personal inquiry as to the source of his dissatisfaction, the record reveals that his desired counsel, Mr. Berg, was present at the in camera conference at which this point was argued and was therefore free to make known to the court any of the reasons for the defendant's displeasure with Mr. Black's representation. Litigants' claims are routinely presented to the court by their selected counsel, and there was no reason for the trial judge to conclude that between the defendant's present counsel and his desired counsel, his grievances would not be fully aired.[2]

The appellant's reliance on this Court's decision in United States v. Young, 5 Cir. 1973, 482 F.2d 993, is misplaced. The court stated in Young that the district judge's failure to inquire as to the precise basis for the defendant's dissatisfaction with counsel to ensure that the defendant was being accorded full and adequate representation in accordance with his Sixth Amendment rights "normally" constitutes reversible error. We held, however, that reversal was not required in the circumstances, because the record as a whole reflected that the defendant's claim of dissatisfaction was insubstantial and that he had, in fact, received vigorous and able representation at trial.[3] Here too, the record

---

2. The fact that the record has since revealed that proposed counsel Berg had possibly greater conflicts than Black is irrelevant to this inquiry, for the only issue on which he would have been representing the appellant during the in camera discussions was the possible conflicts of Mr. Black.

3. It is noteworthy that in Young the appellant's allegations of dissatisfaction were considerably more explicit than those given by the appellant in this case; nonetheless, the district court there dismissed the objections out of hand, without even conducting a hearing on the matter. This Court affirmed, finding that

suggests that the claim of dissatisfaction was insubstantial. The lack of specificity in the motion, the delay in bringing the grievance to the court's attention, and the proposal to substitute counsel not then prepared to go to trial, all suggest a pretext for delay. These factors, coupled with the record which does not reflect any inadequate representation, makes the case analogous to *Young* and suggests similar treatment.

For the reasons stated, we find no abuse of discretion in the district court's refusal to make personal inquiry of the appellant into the cause of his dissatisfaction with counsel. The in camera hearing at which the appellant's trial counsel and his desired counsel were present, was sufficient to safeguard any Sixth Amendment rights then in jeopardy. Accordingly, we

Affirm.

---

adequate representation had in fact been provided. Our holding in *Young* makes clear that the appellant must do more than allege dissatisfaction with trial counsel before the court will impose on the government the burden of disproving any inference of inadequate representation.