STATE OF NORTH CAROLINA v. JEROME ROBINSON

No. 7526SC666

(Filed 17 December 1975)

Constitutional Law § 32— right to effective assistance of counsel — failure of attorney to question witness — right not denied

Defendant was not denied effective assistance of counsel where an attorney was appointed for him, there was a conflict between the attorney and defendant, both requested that the attorney be relieved as counsel, the request was denied, the attorney's motion to withdraw was made on the basis that defendant wished to testify in his own behalf and to call one Bertha as a witness, but both planned to give perjured testimony, and the court allowed the attorney not to ask the witness Bertha any questions.

APPEAL by defendant from *Kirby, Judge.* Judgment entered 13 March 1975 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 18 November 1975.

Defendant entered a plea of not guilty to an indictment charging breaking and entering and larceny. Evidence by the State tended to indicate that the Walker Drugstore was broken into through a door located at the back of the building. Officers observed two black males inside the drugstore building around 3:00 or 3:30 a.m., and they observed defendant coming through

the broken rear door in a crouched position, carrying an armload of various bottles and a bag. Defendant was apprehended running from the building.

The record reflects that defendant was tried previously for the same offense. He was represented by Mr. William F. Burns, Jr., court appointed counsel, and Mr. Burns also represented defendant at the trial which is the subject of this appeal. The first trial ended in a mistrial.

From a verdict of guilty and a judgment imposing a prison sentence defendant appealed to this Court.

*Attorney General Edmisten, by Associate Attorney Alan S. Hirsch, for the State.*

*Peter H. Gerns for defendant appellant.*

ARNOLD, Judge.

The question raised in this appeal is whether defendant was denied effective assistance of counsel. Both defendant and his attorney moved to allow the attorney to withdraw, and to appoint new counsel. The motion was disallowed.

The right to assistance of counsel is guaranteed by the Sixth Amendment to the Federal Constitution and by Article I, Sections 19 and 23 of the Constitution of North Carolina. *Gideon v. Wainwright,* 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed. 2d 799 (1963) ; *State v. Sneed,* 284 N.C. 606, 201 S.E. 2d 867 (1974). It is now well established that a state defendant has a right not only to timely appointment of counsel but also to the assistance of counsel whose quality of performance does not fall below a minimum level of effectiveness. *McMann v. Richardson,* 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed. 2d 763 (1970) ; *Reece v. Georgia,* 350 U.S. 85, 76 S.Ct. 167, 100 L.Ed. 77 (1955) ; *Powell v. Alabama,* 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 (1932) ; *State v. Sneed, supra.* However, the indigent defendant does not have the unbridled right to reject assigned counsel and demand another. A defendant's freedom of choice of counsel may not be manipulated to subvert the orderly procedure of the courts or to interfere with the fair administration of justice. *U. S. v. Young,* 482 F. 2d 993 (1973) ; *U. S. v. Sexton,* 473 F. 2d 512 (1973) ; *U. S. ex rel. Snyder v. Mack,* 372 F. Supp. 1077 (1974) ; *U. S. ex rel. Terry v. Rockefeller,* 361 F. Supp. 422 (1973).

State v. Robinson

Before the entry of a plea defendant's attorney, making the motion at his own request and at the defendant's request, moved to be allowed to withdraw as counsel. After entry of defendant's plea his attorney again made the motion to withdraw, and at various times during the trial, always outside the jury's presence, the defendant himself requested that his attorney be dismissed and the court appoint new counsel. At all times the trial judge refused to dismiss the attorney and appoint new counsel.

The attorney indicated that his basis for moving to withdraw was that defendant wished to testify in his own behalf, and call as a witness Carolyn Bertha, and that both would give perjured testimony. Counsel advised the court that substantial conflict had arisen between him and defendant due to these circumstances, and he felt that he would be prevented from devoting his best efforts to represent defendant.

Inquiry was made by the trial judge of both counsel and defendant at the various times when the question of counsel's withdrawing was raised. The attorney, responding to the judge's inquiry of who advised him that there would be perjured testimony, stated that it was the defendant himself. Further responding to the court's inquiry counsel stated that the basis for his position was his own investigation, and what defendant had told him, and what the witness Carolyn Bertha had told him "of her own knowledge."

Defendant denied that he had indicated to his attorney that he would present perjured testimony.

The trial court advised defendant that he could testify, and that Carolyn Bertha could testify, but that counsel for defendant would not be required to examine either one. It was made clear by the court that defendant or his witness could tell whatever he or she wished. The witness, Carolyn Bertha, testified, but was not examined by defendant's counsel. She was, however, questioned by defendant in his own behalf.

As noted by the N. C. Supreme Court, and other courts, there is not an exact measurement by which to apply the law in this area. A case-by-case approach must be used to determine if the accused has been denied effective assistance of counsel. *State v. Sneed, supra.*

A case we find to be helpful is *U. S. v. Young, supra,* where an indigent defendant was dissatisfied with appointed counsel,

and charged that his counsel disclosed confidential defense matters to the prosecution. Thornburg, J., speaking for the court said:

> "Although an indigent criminal defendant has a right to be represented by counsel, he does not have a right to be represented by a particular lawyer, or to demand a different appointed lawyer except for good cause. *See United States v. Sexton,* 5th Cir. 1973, 473 F. 2d 512, 514. Unless a Sixth Amendment violation is shown, whether to appoint a different lawyer for an indigent criminal defendant who expresses dissatisfaction with his court-appointed counsel is a matter committed to the sound discretion of the district court. The Second Circuit has recently summarized the applicable principles:
>
>> 'In order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication or in irreconcilable conflict which leads to an apparently unjust verdict. *Brown v. Craven,* 424 F. 2d 1166 (9th Cir. 1970); *United States v. Grow,* 394 F. 2d 182, 209 (4th Cir.), cert. denied, 393 U.S. 840, 89 S.Ct. 118, 21 L.Ed. 2d 111 (1968); *United States v. Gutterman,* 147 F. 2d 540 (2d Cir. 1945). If a court refuses to inquire into a seemingly substantial complaint about counsel when he has no reason to suspect the bona fides of the defendant, or if on discovering justifiable dissatisfaction a court refuses to replace the attorney, the defendant may then properly claim denial of his Sixth Amendment right. *Brown v. Craven, supra.* In the absence of a conflict which presents such a Sixth Amendment problem, the trial court has discretion to decide whether to grant a continuance during the course of trial for the substitution of counsel, and that decision will be reversed only if the court has abused its discretion.' "

We do not find the principles stated in the *Young* case to be inconsistent with the opinions of our Supreme Court or this Court.

Due inquiry was made by the trial judge into the basis for counsel's motion to withdraw in the case before us. The defendant denied communicating to his attorney that he would

offer untrue testimony, but otherwise gave no further reasons for his dissatisfaction with his attorney.

We reject defendant's argument that the court did not inquire into the foundation for counsel's assertion concerning perjury. More than one inquiry was made by the court of both defendant and counsel. Defendant denied the assertion, but the attorney indicated his basis was what defendant told him, what Carolyn Bertha told him, and his own investigation.

Defendant contends that at the time the crime was being committed he did not know it was taking place, and that he was prevented from having this position effectively presented through the testimony of Carolyn Bertha because Mr. Burns did not examine her. He argues in his brief that he was prevented from showing, through his witness, Bertha, that one Joe Alexander got out of the car first and that Carolyn Bertha sent defendant to find Alexander after he stayed gone for 15 minutes. The record does not support defendant's argument.

According to the record, Carolyn Bertha testified concerning who was in the car, and that defendant was driving. They parked near the drugstore and Joe Alexander got out. Fifteen minutes later she told defendant to go get Joe.

On cross-examination Carolyn Bertha said that it was about 3:00 or 3:30 a.m., and that defendant had gotten out of the car to get Joe Alexander.

Citing *Entsminger v. Iowa*, 386 U.S. 748, 87 S.Ct. 1402, 18 L.Ed. 2d 501 (1967), a case dealing with the right of an indigent defendant to have counsel assist on appeal, defendant contends that his counsel failed to function in an active role of the advocate. We find this contention unconvincing.

The trial court indicated to defendant during the trial that his counsel was doing everything he properly could do, and that he did not know what other questions counsel could ask that had not been asked. There is no showing that counsel was unfamiliar with the facts, or that he failed to thoroughly cross-examine the State's witnesses, or that he failed in any manner to function as an advocate. The one exception is that he was not required to examine the witness, Carolyn Bertha, and we do not find any abuse in the court's discretion in allowing counsel not to ask her any questions.

We conclude that there was no denial of effective assistance of counsel in this case. Moreover, the trial court, after adequately inquiring into the conflict, did not find good cause to warrant appointment of new counsel. There was no abuse of discretion for failure to appoint new counsel.

No error.

Judges PARKER and HEDRICK concur.