484 So.2d 634 (1986)
Ernie Ray HOLLEY, Appellant,
v.
STATE of Florida, Appellee.
No. BF-331.
District Court of Appeal of Florida, First District.
March 11, 1986.
*635 Glenna Joyce Reeves, Asst. Public Defender, Tallahassee, for appellant.
Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Holley appeals the trial court's denial of his motion for post-conviction relief pursuant to Fla.R.Crim.P. 3.850. In the motion Holley alleged, inter alia, that he was denied effective assistance of counsel. His claim was denied following an evidentiary hearing. After reviewing the transcript of that hearing we are convinced that the circumstances under which Holley was tried constitute such an unqualified violation of his Sixth Amendment right to counsel that his conviction should be reversed and the case remanded for a new trial.
Holley was charged with two counts of aggravated assault, two counts of robbery with a firearm, and resisting arrest with violence. The charges arose out of an incident occurring at an agricultural inspection station at the Georgia-Florida state line, and resulted in charges being filed against Holley in both states. Clyde Taylor was retained to represent Holley in both the Georgia and Florida proceedings. Holley was tried in Georgia first and was then tried in Hamilton County, Florida, where he was convicted of two counts of aggravated assault, resisting arrest with violence, robbery with a firearm and grand theft. The conviction for resisting arrest with violence was reversed on appeal and the remaining convictions were affirmed. Holley v. State, 464 So.2d 578 (Fla. 1st DCA 1984).
In his 3.850 motion Holley contends that he was denied effective assistance of counsel because on the eve of trial his attorney, Taylor, sent two other lawyers who were unfamiliar with the case to conduct the trial. The other attorneys were William Montjoy, Taylor's partner, and Clifford Davis, who was in no way associated with Taylor or Montjoy. Montjoy had not participated in or attended any of the Georgia or Florida proceedings except for his presence at a portion of a hearing in Georgia. He had worked on the case in a research capacity and his first court appearance in the case was on the day of the Hamilton County trial. Davis was "lead counsel" at the trial because of Montjoy's inexperience. Davis had had no previous active involvement with the case and had less than two weeks to prepare for trial. He reviewed some of the transcripts and depositions, but admitted there was some material he did not review until he arrived in Hamilton County the night before trial. Similarly, Montjoy was not aware that he would actually have to conduct the trial until less than two weeks before the trial date. Neither attorney was able to sufficiently recall the details of the trial to conclusively refute defendant's specific allegations of ineffectiveness.
The most disturbing aspect of this last minute substitution of counsel is that it was effected completely without Holley's knowledge or assent. Taylor never informed *636 Holley of the possibility that he might be unavailable for the trial. On the contrary, Taylor had assured him that despite his involvement in another trial that same week, he would be finished in time for Holley's trial in Hamilton County. Holley learned that Taylor was unavailable less than 24 hours before trial. He made his objections known to both Montjoy and Davis, but was apparently dissuaded from making any type of formal objection to the trial judge. On the day the trial commenced Montjoy requested a continuance on Holley's behalf, but simultaneously assured the court that he and Davis were prepared to proceed to trial. There is nothing in the record to indicate that the trial judge was made aware of all of the circumstances of this case. The continuance was denied, and the case proceeded to trial resulting in Holley's conviction.
The circumstances of this case are such that, although counsel was present during trial, there is little likelihood that any lawyer, regardless of competence, could provide effective assistance of counsel. Therefore a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial. United States v. Cronic, 466 U.S. 648, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). As the Supreme Court noted in Strickland v. Washington, the fact that someone who happens to be a lawyer is seated alongside the accused at trial is not enough to satisfy the Sixth Amendment command that an accused shall have the assistance of counsel in his defense. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
A defendant's right to choose his own attorney is not absolute and cannot be invoked in bad faith, for the sake of arbitrary delay or to otherwise subvert judicial proceedings. For this reason trial judges possess wide discretion in ruling on requests for a continuance. Morris v. Slappy, 461 U.S. 1, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). In the instant case, the circumstances surrounding the request for a continuance in no way suggest it was sought for purposes of delay or in bad faith. Holley had virtually no advance warning of his retained counsel's absence, and had no opportunity to obtain substitute counsel of his own choosing. Nor was the absence of counsel a result of any actions by the defendant which could have been interpreted as a purposeful attempt to obtain a delay. Holley expressed nothing but dissatisfaction at this last minute nonconsensual substitution of counsel. The case was complex and involved multiple serious charges subjecting Holley to the possibility of lengthy incarceration.
The totality of the circumstances of this case compels a presumption that Holley was prejudiced by the eleventh hour substitution of counsel and subsequent denial of a continuance and that his Sixth Amendment rights were violated. United States v. Cronic. Therefore, Holley's conviction is reversed and the cause remanded for a new trial.
ZEHMER and BARFIELD, JJ., concur.