PER CURIAM.
This is a petition for a writ of certiorari from a circuit court appellate opinion af *844 firming the petitioner’s county court conviction, without benefit of counsel, of driving under the influence. We grant the petition and reverse.
The record reflects that the trial court failed to make an adequate inquiry or findings concerning indigency and petitioner’s right to appointed counsel. Fla.R.Crim.P. 3.111(b), (d).
The record reflects that the defendant appeared on the trial date and advised the trial court that he needed a lawyer and could not afford to retain one. He told the court that his financial circumstances had changed, and that he had no funds and no income. Landry conceded to the court that he had only contacted one attorney. He had filed no written motion, but it is undisputed. that petitioner called the judge’s office on the advice of the public defender’s office concerning his problem and had been told only that he would just have to appear on the trial date. The trial court commenced the trial without any further inquiry or findings. At arraignment, three months earlier, the defendant had informed the court that he was going to hire a lawyer. At the previous hearing the trial court had told petitioner to be ready for the trial and warned, “that means, have your attorney hired instantly, at best, to let your attorney have time to look up the defense of the case.”
The circuit court’s opinion recognized that the trial court does have the discretion to refuse a continuance where a defendant in bad faith neglects to obtain counsel within the time provided. See United States v. Gates, 557 F.2d 1086 (5th Cir.1977), cert. denied, 434 U.S. 1017, 98 S.Ct. 737, 54 L.Ed.2d 763 (1978). See also Jones v. State, 449 So.2d 253 (Fla.), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984). However, the court may apply even that discretion only after reasonable inquiry and warning. Cf. Morgano v. State, 439 So.2d 924 (Fla. 2d DCA 1983). See also Holley v. State, 484 So.2d 634 (Fla. 1st DCA), rev. denied, 492 So.2d 1335 (1986). Nevertheless, in the face of the claim of indigency the trial court erred in forcing petitioner to trial without counsel in the absence of the inquiry required by the rules and absent a waiver or findings of bad faith supported by the record. We also note that the court found the defendant to be indigent for purposes of the motion for rehearing and the appeal.
Since the record clearly reflects that the lack of counsel prejudiced petitioner, the result is a miscarriage of justice. Combs v. State, 436 So.2d 93 (Fla.1983). Therefore, the order of the circuit court affirming the judgment and sentence is reversed. We remand for further proceedings and a new trial.
GUNTHER, STONE and GARRETT, JJ., concur.