The **UNITED STATES** of America

v.

Richard **O'CONNOR**.

No. **CR–90–104E.**

United States District Court, W.D. New York.

Nov. 15, 1990.

Roger P. Williams, Asst. U.S. Atty., Buffalo, N.Y., for U.S.

Glenn E. Murray, Buffalo, N.Y., for defendant.

## MEMORANDUM AND ORDER

ELFVIN, District Judge.

In a one-count Indictment the above-named individual ("the defendant") is charged with having, while under oath and as to matters material to an investigation then being conducted by a United States Grand Jury, knowingly given false testimony. The matter said in the Indictment to have been thus under investigation was the making of false returns, statements and other documents or otherwise attempting to evade or defeat a federal tax by or on behalf of a corporation, The Goodbar Restaurant, Inc. or Joseph Aliotta or Philip Aliotta. Paragraph 4 of the Indictment charges the defendant with having committed perjury (a) by stating that he had not accompanied Joseph Aliotta to a liquor store to pick up whiskey or vodka for the corporation and (b) by stating that he had not told certain government agents that he had. The defendant contends that much of what is recited in the Indictment as his testimony was not material to the grand jury's investigation and is surplusage. He contends that it must necessarily be deduced that the grand jury was improperly or ambiguously instructed on the pertinent law in order to have returned this bill of indictment.

■ That it was the intention of the United States Attorney that there be two separate areas of perjury—*i.e.,* denying that he had accompanied Joseph Aliotta once or twice a week to the store to procure whiskey or vodka for the corporation and denying that he had told government agents that he had done so—is clear from the government's response to the defendant's motion. It claims that there are the two separate and discrete specifications of perjury. In support the government cites *United States v. Berardi,* 629 F.2d 723 (2d Cir.), *cert. denied,* 449 U.S. 995, 101 S.Ct. 534, 66 L.Ed.2d 293 (1980), and *United States v. Dilworth,* 524 F.2d 470 (5th Cir. 1975). The latter is instructive not as much as for the principle for which it is cited by the government—*viz.,* that the prosecution need not prove all of the perjury specifications embodied in a single count of an indictment and that proof of one or fewer than all will suffice for a conviction—as it is illuminative of the undue and unfair prejudice that is claimed to lurk in the present charge. What is here presented is a coupling of a material perjury and a facially immaterial perjury. What is claimed to be immaterial is whether the defendant earlier had stated to government agents that which is the gravamen of the grand jury's investigation and of the Indictment—to wit, that he had accompanied Joseph Aliotta in procuring the specified alcoholic spirits from the store. If the denial of such revelation or revelations has any materiality such lies in the impeachment of the credibility of the witness. One who testifies under oath that he never did a certain act—whether the testimony is adduced in the closed grand jury room or in open court—can have the credibility of such testimony attacked by being asked whether he at another time and on a different occasion had stated that he had done the act. In open court the objection to such a question by a cross-examiner (leaving aside the permissiveness of impeaching one's own witness) that the question is immaterial would be quickly and firmly overruled in that the credibility *vel non* of any witness is always one of the factual decisions to be made by the trier of fact. Thus, if the defendant were to be a witness in his own behalf on the trial of this case, testifying in opposition to the prosecution's attempts to demonstrate to the trial jury beyond a reasonable doubt that the defen-

dant had accompanied Joseph Aliotta, the prosecutor in cross-examination very properly could inquire of the defendant whether he had on an earlier occasion or occasions told one or more persons that he had thus participated with Mr. Aliotta. Such would unquestionably be material to the jury's evaluation of the credibility *vel non* of the defendant's denial thereof. Assuming that the defendant would say to the prosecutor that he never had made such statement or statements, the prosecutor might or might not be permitted on rebuttal to adduce testimony that the witness had made such a statement. See FRE rules 613(b) and 801(d)(1). Whether an extrinsic rebuttal would be permitted does not depend on materiality *vel non*. The making or not making of the earlier statement would be *per se* material to credibility.[1]

■ The instant grand jury investigation was not directed at the defendant and his role was solely that of a witness. He denied going with Mr. Aliotta to the liquor store. Whether Mr. Aliotta got whiskey or vodka from the store is not claimed by the defendant to be immaterial to the investigation and it is here assumed that such was material. The defendant's testimony therefore was material to such investigation and, perhaps, to whether the defendant aided or abetted Mr. Aliotta's misdeeds.

*United States v. Berardi, supra,* is instructive re materiality. Therein Berardi, before a grand jury which was investigating whether there had been a subornation of perjury, was asked (a) whether he had been solicited to commit perjury and, he having answered in the negative, (b) whether he had told certain individuals that he had been, he again having answered in the negative. In a single-count indictment Berardi was charged with the two separate denials. The trial jury acquitted Berardi of having committed perjury in denying that he had been solicited but convicted him of having perjured himself in denying that he had told others that he had been solicited. Prior to imposing sentence and *sua sponte,*

the trial judge dismissed the specification of perjury as to which Berardi had been found guilty—*viz.,* his denial that he had told others that he had been approached re committing perjury. The trial judge opined that this specification had not been sufficiently material and that such was true at the time the testimony had been given before the grand jury and was "more true after the jury came in with the verdict of not guilty on the first specification." The Court of Appeals reversed, saying that materiality need not be demonstrated beyond a reasonable doubt, that it is a threshold issue which must be decided by the trial court and at the earliest opportunity and that an answer is material if it tends to influence or impede or dissuade a grand jury from its investigatory pursuit.

"Materiality is thus demonstrated if the question posed is such that a truthful answer *could* help the inquiry, or a false response hinder it, and these effects are weighed in terms of potentiality rather than probability. Thus, in applying this gauge to specific situations, it is only the question, at the time of its asking, which is considered. It is of no consequence that the information sought would be merely cumulative * * *, that the response was believed by the grand jury to be perjurious at the time it was uttered * * * or that the matters inquired into were collateral to the principal objective of the grand jury. * * *

" * * * The grand jury's mandate was to probe a scheme to deprive various individuals of their civil rights. By denying that he had confided in others that he had been entreated to join in this illicit effort, [Berardi] *potentially* hampered the investigation in several significant ways. Through his disclaimer, [Berardi] created the false impression that he was ignorant, unaware or untouched by the scheme and thereby deprived the grand jury of the benefit of his knowledge of the plot. It is a truism that questions

---

**1.** Left out of this discussion at this juncture is the allowability of extrinsic evidence of the earlier statement as an admission, as such might be in certain circumstances in a civil case and clearly would be in a case in which the defendant was criminally charged with participating in or otherwise aiding or abetting Joseph Aliotta's procurement of the whiskey or vodka.

aimed directly at a witness' [sic] knowledge or awareness of the principal matter under investigation are material. * * * [T]he false declarations *could* have frustrated the inquiry by casting doubt upon the credibility of other witnesses who had attested both to Berardi's assertions of having been solicited for the scheme and to matters bearing more directly upon the conspiracy." (Emphasis supplied.) *Id.* at 728–729.

In *U.S. v. Kiszewski*, 877 F.2d 210 (2d Cir.1989), the questions put by the grand jury concerned when government agents had begun their investigations of individuals other than the witness. On appeal Kiszewski contended that when such had occurred was immaterial to the investigation. Relying on *United States v. Berardi, supra,* the appellate court ruled that "materiality in a grand jury investigation is broad" and that "[t]he false statement does not have to be related to the principal object of the grand jury to be material; statements concerning collateral matters may be material as well." *Id.* at 218.

"Kiszewski's statements regarding the timing of the FBI's involvement were material because a grand jury should be able to find out how the government became involved in investigating a possible crime, and whether the government's involvement rises to the point where the accused should not be indicted. * * * [T]his testimony could have convinced the grand jury that [the third parties] did not commit any crimes and was, therefore, material." *Ibid.*

On the strength of the above, this Court need go no further than to rule that the credibility of the instant defendant in the general area of that which the grand jury was investigating was material to its investigation. The instant ruling does not render material any and all collateral inquiries but does declare that any subject reasonably pertinent—such as, did you tell others that you had been approached re giving perjurious testimony or when did the FBI commence the instant investigation or did you tell government agents that you did go with a certain other person to procure liquor—is material. Such enables the investigative body to gauge the credibility of the witness as to matters in the general area of its interest and such credibility is presumed to be material.

That the single count of this Indictment might academicly be deemed duplicitous is not fatal. More than a single specification of perjury is often gathered into a single count. Any undue or unfair prejudice to this defendant is readily guarded against by curative instructions to the trial jury and by having the jury respond to special interrogatories.

Accordingly, it is hereby ORDERED that the defendant's motion to dismiss the Indictment for lack of materiality or for duplicitousness is denied.