STONE, Judge,
dissenting.
I would reverse. In my judgment, a defendant is effectively denied counsel where a lawyer, possibly[1] unprepared, appears without explanation at a critical stage in a criminal case on behalf of a defendant in custody, solely at the request of another court appointed counsel. The attorney was neither selected with the defendant’s consent nor formally approved to represent the defendant. He was not even a member of defense counsel’s law firm.
Under such circumstances, and in the absence of a record with respect to how this appearance came about, I would hold that the only effective way to assure Sixth Amendment protection is to remand for a new sentencing hearing. Cf. Tucker v. Day, 969 F.2d 155 (5th Cir.1992); Holley v. State, 484 So.2d 634 (Fla. 1st DCA), rev. denied, 492 So.2d 1335 (Fla.1986).

. I say “possibly,” as the facts concerning the selection and preparation of substitute counsel are largely speculative and would, of course, need to be proven in any subsequent rule 3.850 proceeding.