# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00047-CR

**Domingo Vicente Gamez, Appellant**

**v.**

**The State of Texas, Appellee**

## NO. 03-09-00048-CR

**Domingo Gamez, Appellant**

**v.**

**The State of Texas, Appellee**

## NO. 03-09-00049-CR

**Domingo Vincent Gamez, Appellant**

**v.**

**The State of Texas, Appellee**

## NO. 03-09-00050-CR

**Domingo Gomez, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 427TH JUDICIAL DISTRICT
NOS. D-1-DC-06-302415, D-1-DC-07-300389, D-1-DC-07-300417 & D-1-DC-07-500237
HONORABLE JIM CORONADO, JUDGE PRESIDING**

On April 24, 2008, appellant Domingo Vicente Gamez pleaded guilty to burglary of a habitation in two causes, was convicted by the trial court, and was placed on community supervision. *See* Tex. Penal Code Ann. § 30.02 (West 2003). Appellant also pleaded guilty on that date to intentional bodily injury to a child and aggravated robbery. *See id*. § 22.04 (West Supp. 2009), § 29.03 (West 2003). The court deferred adjudication in these causes and placed appellant on community supervision. On January 15, 2009, following a two-day hearing on the State's motions to revoke and adjudicate, the court found that appellant had violated the conditions of his supervision by committing four aggravated assaults and unlawfully possessing a firearm. The court revoked supervision in the burglary causes and imposed the ten year sentences it had previously assessed.[1] The court adjudged appellant guilty in the injury to a child and aggravated robbery causes, and sentenced him to ten years' and thirty years' imprisonment, respectively. In a single point of error, appellant contends that he was denied his right to counsel of choice at the January hearing. We overrule this contention and affirm.

Appellant was arrested in May 2008 after the motions to revoke and adjudicate were filed. Edward Carmona, the attorney who had represented appellant at his guilty pleas, was retained to represent appellant. On December 9, 2008, Carmona filed a motion to withdraw stating that "the Defendant has failed to cooperate and compensate counsel for his representation." The trial court

---

[1] The order revoking supervision and imposing sentence in cause number D-1-DC-07-500237, our cause number 03-09-00050-CR, states appellant's surname as Gomez.

granted the motion and appointed Paul Evans to represent appellant. The hearing on the motions was reset for January 14, 2009.

On that date, Daniel Calamia appeared in court on behalf of Leonard Martinez and orally moved for a continuance. Calamia informed the court that Martinez "was retained [by appellant] last night about 7:00 p.m. and was not aware it was set for contested hearing today, and is currently in a murder trial in the 147th District Court." Calamia told the court that he was assisting Martinez in the murder trial, and he said that neither he nor Martinez was able or prepared to represent appellant at the scheduled hearing. The prosecutor urged the court to refuse the substitution of counsel, saying, "I believe it's made for the purpose of delay. We have four victims and another witness, another civilian, and some officers here ready to go. We have hired an interpreter, at great expense, we have to pay regardless whether the hearing goes or not. We're ready and we urge the case to go at this time." Evans, who was also present, told the court that he had been informed of Martinez's employment at 6:30 p.m. the previous night. Responding to questions from the court, Evans stated that he had met with appellant five times in the jail, had "done all the discovery work," and had negotiated on appellant's behalf with the prosecutor. Evans assured the court that he was ready for the hearing.

The court denied the motion for continuance and to substitute counsel: "I have denied Mr. Calamia's motion to substitute and find that neither he nor Mr. Martinez, who is currently as we speak in a murder trial . . . is available to substitute in at this time, therefore, it's in the administration of justice that we find that we will proceed at this time." The court also found that Evans was competent and prepared for the hearing.

3

After the court ruled, appellant was allowed to address the court. He said, "Yesterday [Evans] came to see me and I tried to talk to him and he gets mad at me. I mean, I don't feel like I'm being represented right. I don't feel like this is the time for me . . . to come in front of you-all right now because I don't feel like I'm going to be represented right."

Appellant contends that he was denied his constitutional right to be represented at the revocation hearing by his retained counsel of choice. He argues that there was no substantial reason for the court's refusal to postpone the hearing to accommodate Martinez's scheduling conflict. He urges that the court abused its discretion by forcing him to proceed with appointed counsel with whom he was dissatisfied.

The constitutional right to the assistance of counsel includes the right to obtain that assistance from retained counsel of one's choosing. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006); *Gonzalez v. State*, 117 S.W.3d 831, 836-37 (Tex. Crim. App. 2003). The right to counsel of choice is not absolute, however. Among other things, a trial court has wide latitude in balancing the right to counsel of choice against the needs of fairness and the demands of its calendar. *Gonzalez-Lopez*, 548 U.S. at 151-52. "Trial judges necessarily require a great deal of latitude in scheduling trials. . . . Consequently, broad discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983) (quoting *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964)).

A defendant's right to select his own counsel cannot be manipulated so as to obstruct orderly court procedure or to interfere with the fair administration of justice. *Webb v. State*,

4

533 S.W.2d 780, 784 (Tex. Crim. App. 1976). A defendant may not wait until the day of trial to demand different counsel or to request that counsel be dismissed so that he may retain other counsel. *Id*. When competent counsel is available and fully prepared to represent the defendant, a trial court does not abuse its discretion by denying an untimely request for continuance based on the unavailability of the defendant's counsel of choice. *Slappy*, 461 U.S. at 12-13; *see also id*. at 19 (Brennan, J., concurring).

Appellant waited until the day of his revocation hearing to voice his dissatisfaction with appointed counsel. *See United States v. Dilworth*, 524 F.2d 470, 472 (5th Cir. 1975). The motions to revoke and adjudicate had been pending since May 2008, but appellant waited until the night before the scheduled hearing to employ Martinez. *See Webb*, 533 S.W.2d at 784. Martinez was unavailable to represent appellant at the scheduled hearing and would have required an indefinite period of time to prepare himself. *See Newton v. Dretke*, 371 F.3d 250, 255 (5th Cir. 2004). The hearing had been delayed previously when appellant refused to cooperate with or pay his first retained attorney. *See United States v. Ramos*, 71 F.3d 1150, 1155-56 (5th Cir. 1995). Under the circumstances, the trial court could reasonably believe that appellant was manipulating his right to counsel in order to delay the hearing.[2] *See United States v. Mitchell*, 777 F.2d 248, 256-57 (5th Cir. 1985); *United States v. Silva*, 611 F.2d 78, 79 (5th Cir. 1980).

Rescheduling the revocation hearing on the very day it was scheduled to begin would have inconvenienced the witnesses who were present to testify. *See Ramos*, 71 F.3d at 1155-56;

---

[2] Nothing in this opinion should be read as criticizing Martinez personally. Insofar as the record reflects, Martinez agreed to represent appellant in good faith and without knowledge of the imminent contested hearing.

*Ex parte Windham*, 634 S.W.2d 718, 720 (Tex. Crim. App. 1982).  Evans, meanwhile, was familiar with appellant's cases and fully prepared to proceed with the hearing.  *See Slappy*, 461 U.S. at 12; *Windham*, 634 S.W.2d at 721.  Appellant suggests that a different lawyer might have employed a different strategy at the hearing, but he does not contend that Evans rendered ineffective assistance.

The trial court did not abuse its discretion or violate appellant's constitutional right to counsel by refusing his untimely request for a continuance for the purpose of retaining new counsel.  The point of error is overruled.

The orders revoking community supervision in cause numbers D-1-DC-06-302415 and D-1-DC-07-500237 and the judgments of conviction in cause numbers D-1-DC-07-300389 and D-1-DC-07-300417 are affirmed.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed

Filed:   August 19, 2010

Do Not Publish

6