DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ASHLEY NICOLE MCKENZIE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D20-453

[December 2, 2020]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case No. 562013CF002593AXXXX.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jessenia J. Concepcion, Assistant Attorney General, West Palm Beach, for appellee.

WARNER, J.

Appellant challenges the trial court's order revoking her probation and entering a judgment of conviction for driving under the influence with priors, for which she was sentenced to four years in prison. She makes multiple claims, none of which merit reversal. The State concedes, however, that the written order of revocation must be corrected as it includes findings of acts of violation for which no evidence was presented. We thus affirm, but remand for correction of the order revoking probation.

Appellant was charged in 2012 with driving under the influence which was raised to a third-degree felony because of two prior convictions. She entered a no contest plea and was sentenced to some jail time plus probation. While on probation, she was arrested for a DUI in Texas and subsequently convicted of the crime. This triggered the filing of an affidavit of violation of probation in Florida in 2018, and appellant was extradited from Texas to face the charges. Subsequently, the State filed an amended affidavit in 2019 charging appellant with other violations of probation,

including failing to pay court costs, failing to pay costs of supervision, and failing to comply with instructions.

Appellant was represented by an assistant public defender. After several continuances, the final hearing was set for February 2020. At 3:32 p.m., the day before the hearing, a private attorney entered her notice of appearance on behalf of appellant. The attorney also filed a "notice of conflict" and motion to continue the hearing, stating that she would be out of the jurisdiction of the court for the next day's hearing. The private attorney sought a continuance. The public defender moved to withdraw because of representation by the private attorney.

On the same date, the court denied the continuance after considering that the motion to continue was filed the day before the hearing and that the case had already been continued multiple times at the behest of the defense. However, it noted that counsel must be present so that the court could make findings regarding the circumstances. The court also noted that the right to counsel must not be used to delay or subvert judicial proceedings, citing several cases including *Foster v. State*, 704 So. 2d 169, 173 (Fla. 4th DCA 1997). As a result, private counsel moved to withdraw, which the court granted.

At the hearing the next day, the public defender raised the continuance issue. She noted that appellant had expressed dissatisfaction with her, but that she had no good faith basis for requesting a continuance as she was prepared for the hearing. The public defender then sought a *Nelson*[1] hearing, but the trial court noted that no motion had been filed for such an inquiry. Appellant was allowed to "air her grievances" against the public defender, which centered on her claims that the public defender failed to do any work on her case, failed to return phone calls, and attempted to force her into accepting a plea offer. The court then stated that to the extent this was a *Nelson* hearing, the issues appellant raised were not enough to show ineffective assistance of counsel. The court also colorfully explained what any attorney representing her would face:

> As far as what counsel might do, whether it's Miss Canty or Miss Hogan, they have to play . . . the cards you dealt them. And a lot of times in a VOP where you're on probation, felony supervision and there's no doubt you're on felony supervision and you commit a new crime and you're actually sentenced on the new crime and the State has a certified copy of the conviction, which occurred after you were placed on

---

[1] *Nelson v. State*, 274 So. 2d 256, 259 (Fla. 4th DCA 1973).

probation, you've essentially dealt them a royal flush and you dealt Miss Hogan two pair and you're saying Miss Hogan should be bluffing more or Miss Hogan should be . . . putting in more chips. And the same with Miss Canty. Miss Canty would play the exact same hand you dealt her. I don't find any basis to discharge the Public Defender's Office who has been and remains attorney of record.

The court then reiterated its reasons for denying the motion to continue the case because of the last minute attempt to switch to private counsel. It noted that there had been five continuances. Further, the notice and motion filed by private counsel did not state that counsel had a conflict, just that she would be out of the jurisdiction of the court. Because the private attorney's office was in Broward County, she was out of the jurisdiction but without an actual conflict. The court made the finding that the motion to continue was made in bad faith or as a delay tactic. The judge also found that appellant would not suffer prejudice as a result of the denial because of the state of the case:

As far as prejudice goes, it doesn't matter if I continue this case and she hired a phalanx of six private attorneys, at the end of the day, she's gonna say she was placed on probation, [the probation officer] instructed her, there's a Probation Order in the file, there's a certified copy of a judgment for a crime she committed while she's on felony supervision, so we can—we can find that out today or we can find it out six months from now with a different set of attorneys. But there's virtually no prejudice because this is what it is and it will never change, it will always be what it is.

The hearing then proceeded with the presentation of the probation officer who testified that she personally instructed appellant on the conditions of her probation, the terms of which the court took judicial notice. The State moved into evidence, without objection, a certified copy of the Texas judgment and conviction for DUI. The State concluded its case, and the public defender offered no evidence.

The court found appellant in violation of the condition that the probationer live without violating the law by committing a new crime, which the court found to be the most important of the conditions of probation. Noting that the standard of proof in a violation of probation proceeding was the greater weight of the evidence, the court found that the State more than met its burden.

3

While appellant scored 30.4 points and her lowest permissible sentence was any nonstate prison sanction, the court sentence her to four years, giving her the benefit of the State's prior plea offer. Appellant appeals the judgment and sentence.

Appellant argues that she was deprived of her Sixth Amendment right to counsel of her choice when the trial court denied her motion for continuance to allow her private attorney to appear. She did not mention the Sixth Amendment at trial, but the continuance was requested to secure counsel of her choice. In any event, the court did not abuse its discretion in denying the motion for continuance made the afternoon of the day before trial.

A denial of a motion for continuance to obtain new counsel is reviewed for an abuse of discretion. *Alvarez v. State*, 75 So. 3d 420, 422 (Fla. 4th DCA 2011). A defendant's right to counsel of his or her choice is not absolute, and a court's consideration of any continuance should balance the defendant's right with consideration of the impact on the administration of justice. *Id.* Any denial of a continuance to obtain new counsel must be based upon an adequate inquiry into the circumstances with findings to assure that the defendant's constitutional rights were not being deprived. *Deal v. State*, 145 So. 3d 212, 214 (Fla. 4th DCA 2014). Factors relevant to that inquiry include whether the motion is made in bad faith or for the purposes of delay; whether it would prejudice the State; and whether the court's schedule would permit a continuance. *Id.*

In this case, the court made an adequate inquiry and articulated findings which clearly support its decision to deny the motion for continuance. The court found that the motion was in bad faith or for the purposes of delay, as five continuances has been requested for various reasons. The court found that appellant would not be prejudiced because of the narrow issue before the court, which required only the proof of the probation conditions and that appellant had subsequently been convicted of another crime. Furthermore, the public defender stated that she was prepared for the hearing.

We have frequently addressed this issue. In *Tyler v. State*, 945 So. 2d 662, 663-64 (Fla. 4th DCA 2007), we noted:

> This and other appellate courts have made clear that they will not permit the right to counsel to be used "for the sake of arbitrary delay or to otherwise subvert judicial proceedings." *Foster v. State*, 704 So. 2d 169, 173 (Fla. 4th DCA 1997) (citing *Holley v. State*, 484 So. 2d 634, 636 (Fla. 1st DCA 1986)).

4

"Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay." *Id.*

*Accord Jackson v. State*, 979 So. 2d 442, 445 (Fla 4th DCA 2008); *Hurtado v. State*, 760 So. 2d 279, 280 (Fla. 4th DCA 2000); *Foster*, 704 So. 2d at 172–73. Although many of these cases reversed denials of motions for continuances to obtain new counsel, they did so because the trial court made no findings that the motion was made in bad faith or for delay. Here, in contrast, the court made that finding.

Perhaps the case most on point to this fact situation is *Bowman v. United States*, 409 F.2d 225 (5th Cir. 1969), cited with approval in *Foster*. There, a defendant was being represented by court-appointed counsel. *Id.* at 226. On the morning of trial, the court received a letter requesting a meeting in chambers. *Id.* At that meeting, attended by the prosecutor and the defendant, the defendant *for the first time* expressed dissatisfaction with his counsel, contending that counsel was not spending enough time on the case. *Id.* Defendant sought a continuance to obtain new counsel. *Id.* The trial court determined from counsel that he was indeed prepared to try the case and denied the continuance. *Id.* The appellate court affirmed, noting:

> We and other courts of appeals have repeatedly made clear that the right to counsel 'cannot be * * * manipulated so as to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice.' Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay.

*Id.* at 226–27 (quoting *United States v. Llanes*, 374 F.2d 712, 717 (2d Cir. 1967)). Similarly, in this case, appellant raised dissatisfaction of counsel for the first time on the morning of the hearing. The trial court made sufficient inquiry and determined that the motion to continue was in bad faith or for the purpose of delay. The trial court did not abuse its discretion in denying the motion for continuance.

Appellant also contends that the court failed to follow the proper *Nelson* procedures for an inquiry where a defendant seeks to discharge counsel. However, a *Nelson* inquiry is required only where a defendant is seeking to discharge counsel and to obtain new *court-appointed* counsel. *See Jackson v. State*, 979 So. 2d 442, 444 (Fla. 4th DCA 2008); *Foster*, 704 So. 2d at 172. Here, as in *Jackson* and *Foster*, appellant did not request new court-appointed counsel but sought to be represented by private counsel.

5

In another attack on the proceedings at trial, appellant contends that the court prejudged her case and that this court should remand for proceedings in front of another judge. Because this issue was not raised below, we would have to find fundamental error to reverse. *Mansueto v. State*, 148 So. 3d 813, 815 (Fla. 4th DCA 2014). We find no error, fundamental or otherwise, in the court's comments. The court did not show predisposition when it rightly noted that the case was straightforward, requiring proof of the probation order and a certified copy of the Texas judgment. It simply noted "we can find that out today or we can find it out six months from now with a different set of attorneys." That statement was not a predisposition to rule against appellant but to explain what proof would be presented.

The remaining issues which claim to be errors as to the finding of violation were not preserved and, in any event, were not error.

Appellant also claims that her scoresheet included 1.6 points for the Texas conviction as part of a "prior record." We agree that this was error. Section 921.0021(5), Florida Statutes (2018), defines "prior record" as "a conviction for a crime committed by the offender, as an adult or a juvenile, *prior to the time of the primary offense.*" (Emphasis added). Upon revocation of probation, "[s]entences imposed after revocation of probation or community control must be imposed according to the sentencing law applicable at the time of the commission of the original offense." Fla. R. Crim P. 3.704(d)(31). "To be scored as prior record the offense must have been *committed* prior to the commission of the primary offense." *Sanders v. State*, 35 So. 3d 864, 871 (Fla. 2010).

Here, the primary offense was the 2012 Florida DUI conviction. The Texas conviction occurred well after the primary offense. Therefore, for purposes of the scoresheet those points should not have been included as a prior record. *Id.*

Nevertheless, a scoresheet error is harmless where "the record conclusively shows that the trial court *would have imposed* the same sentence using a correct scoresheet." *Brooks v. State*, 969 So. 2d 238, 241 (Fla. 2007). A review of the sentencing convinces us beyond any doubt that the court would have imposed the same sentence in this case.

6

We find no merit in appellant's claim that the court considered an improper factor—namely incapacitation—in sentencing her.[2]  While the prosecutor argued that because of appellant's many DUI convictions she was a danger and incarceration was necessary to protect the public, the trial court did not make any statement regarding protection of the public.  But, even if the court had, such a consideration would have been entirely proper.  *See State v. Brewer*, 767 So. 2d 1249, 1253 (Fla. 5th DCA 2000) (Harris, J., concurring) (explaining that the four penological goals in sentencing are: retribution, deterrence, incapacitation and rehabilitation); *Charles v. State*, 204 So. 3d 63, 66-67 (Fla. 4th DCA 2016) (collecting cases that discuss legitimate sentencing considerations, including incapacitation and protection of society).  Protecting society is a legitimate consideration in sentencing.

Finally, as the State concedes, the written order of revocation must be amended to reflect that the court found appellant in violation only for committing the new law offense.  We agree and remand for the trial court to strike the findings for violation of condition (1), which the court dismissed at the hearing.  The court did not find violations of the remaining conditions, and no evidence was presented as to these: condition (5) (to the extent that this violation was based upon the illegal consumption of alcohol); both findings as to condition (2); condition (10); condition (3); condition (4); and condition (7).  Therefore, they also must be stricken from the order of revocation.

As to any remaining issues not specifically addressed in this opinion, we affirm.

*Affirmed but remanded to correct order of revocation.*

LEVINE, C.J., and ARTAU, J., concur.

*     *     *

**Not final until disposition of timely filed motion for rehearing.**

---

[2] We consider this issue preserved, because the rule 3.800(b)(2) motion filed during the pendency of this appeal included this argument.