**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Juan Rodriguez SALINAS and Jose Luis Maldonado, Defendants-Appellants.**

**No. 79–3376.**

United States Court of Appeals,
Fifth Circuit.

April 29, 1980.

Rehearing and Rehearing En Banc
Denied July 8, 1980.

---

---

Samuel H. Bayless (Court-appointed), San Antonio, Tex., for Salinas.

Terrence W. McDonald, (Court-appointed), San Antonio, Tex., for Maldonado.

Le Roy Morgan Jahn, Asst. U. S. Atty., San Antonio, Tex., Vincent F. O'Rourke, Jr., Asst. Atty. Gen., Drew S. Days, III, Asst. Atty. Gen., Jessica Dunsay Silver, Deputy Chief Asst. Atty. Gen., Appellate Section, Civil Rights Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before SIMPSON, HILL and HATCHETT, Circuit Judges.

PER CURIAM:

This case raises the issue of whether a trial judge may disqualify a retained attorney, in a criminal case, where the judge believes that the attorney is the "target" of an investigation concerning the event or events for which his clients were indicted. We affirm the trial judge's order of disqualification.

 The right of defendants in criminal cases to retain an attorney of their choice does not outweigh the countervailing public interest in the fair and orderly administration of justice. *United States v. Kitchin*, 592 F.2d 900 (5th Cir.), *cert. denied,* —— U.S. ——, 100 S.Ct. 86, 62 L.Ed.2d 56 (1979); *Gandy v. Alabama*, 569 F.2d 1318 (5th Cir. 1978).

Authority clearly supports the right of a trial judge to regulate the conduct of attorneys during the course of a case. *United States v. Kitchin; United States v.*

*Dinitz,* 538 F.2d 1214 (5th Cir. 1976) (en banc), *cert. denied,* 429 U.S. 1104, 97 S.Ct. 1133, 51 L.Ed.2d 556 (1977).

Our standard of review is whether the trial judge abused his discretion. *In re Gopman,* 531 F.2d 262 (5th Cir. 1976). We agree that the trial "court's discretion permits it 'to nip any potential conflict of interest in the bud.'" *Id.,* at 266.

After reviewing the record in this case, we find that the trial judge acted within the bounds of his discretion in disqualifying the appellants' attorney.

Accordingly, we affirm the order of the trial judge.

AFFIRMED.