741 So.2d 1190 (1999)
Derrick EVANS, Appellant,
v.
STATE of Florida, Appellee.
No. 98-3363.
District Court of Appeal of Florida, Fourth District.
September 22, 1999.
Richard L. Jorandby, Public Defender, and Paul E. Petillo, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Lara J. Edelstein, Assistant Attorney General, West Palm Beach, for appellee.
STONE, J.
We affirm Evans' judgment and sentence. Evans asserts that the trial judge improperly denied him the counsel of his choice.
On the day of trial, and immediately prior to selection of the jury, defense counsel *1191 informed the judge that Evans no longer wished to be represented by the public defender and that his family could provide a private attorney. The trial judge placed Evans under oath and inquired. Evans told the trial judge that he did not previously understand the seriousness of the charge of aggravated battery; he was also concerned that his public defender had many cases to work on and felt that a private attorney would put more time into his case.
The trial judge stated that unless Evans could tell him what he was specifically complaining about, "there was no reason not to go forward today." The trial judge then conducted a further inquiry to find out if counsel had properly prepared the case. The attorney informed the court that he had taken all the steps the trial judge asked about, i.e., depositions, interview of witnesses, review of police reports. The trial judge told Evans that unless he could come up with some deficiency, the case was going to be tried that day. He then asked Evans if there was anything specifically that he could point to that was lacking in the attorney's work. Evans responded that there was not; whereupon, the trial took place. We note that the court had announced earlier that a jury would be picked that day. Furthermore, the state had a problem with a witness moving out of town. It was not until the panel of prospective jurors was being assembled to enter the courtroom that Evans made his desire to substitute counsel known to the court.
In Foster v. State, 704 So.2d 169 (Fla. 4th DCA 1997), we reviewed the law applicable to a criminal defendant's right to discharge court-appointed counsel and retain private counsel. There, we noted that a Nelson inquiry was not necessary where a defendant seeks to replace his court-appointed counsel with private counsel. Id. at 172-73. However, we also recognized that the defendant's right to select his own private attorney is not unbridled and may be limited in favor of considerations of judicial administration, or if "made in bad faith for the sake of arbitrary delay or to otherwise subvert judicial proceedings." Id. at 173. See also United States v. Silva, 611 F.2d 78 (5th Cir.1980). In Silva, the court denied the defendant's last minute request for substitution of private counsel, stating "The freedom to have counsel of one's own choosing may not be used for purposes of delay," and "Last minute requests are disfavored." Id. at 79.
We recognize that in Foster, we reversed the trial court's denial of the defendant's request to substitute private counsel for several reasons. There, we stated that the most important reason for reversal was the fact that the trial court ostensibly denied the request to avoid delaying the trial but nonetheless continued the trial to allow for additional preparation and transcription of a hearing. Further, the court refused the appellant's request despite the fact that the public defender assured the court that the already retained private attorney could prepare for the straight-forward case during the time it would take to obtain the transcript. Here, by contrast, when Evans made his request, he had not hired or even spoken with a private attorney; therefore, if the court permitted him to substitute counsel, a lengthy continuance, which would have prejudiced the state, would have been required.
In Bowman v. United States, 409 F.2d 225 (5th Cir.1969), the defendant requested a continuance on the eve of trial so that he could obtain a private attorney. As in this case, the trial judge attempted to find out whether the defendant's counsel was adequately prepared and finding that he was, refused the continuance. In affirming, notwithstanding that the trial was set only one month from the date of arraignment, the court of appeals noted that the appellant had given no reason for waiting until the last minute to express his dissatisfaction with his court-appointed attorney and stated that "Judges must be vigilant that requests for appointment of a new *1192 attorney on the eve of trial should not become a vehicle for achieving delay." Id. at 227.
Finding no error or abuse of discretion, we affirm.
KLEIN and STEVENSON, JJ., concur.