760 So.2d 279 (2000)
Kenneth HURTADO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-2370.
District Court of Appeal of Florida, Fourth District.
June 7, 2000.
Richard L. Jorandby, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Don M. Rogers, Assistant Attorney General, West Palm Beach, for appellee.
*280 STONE, J.
Kenneth Hurtado appeals his convictions and sentence for sexual battery and resisting an officer without violence. We affirm the convictions but reverse the sentence.
During jury selection, Appellant was represented by assistant public defender John Hetherington. A jury was ultimately selected and sworn. At no time during these proceedings did Appellant object to Mr. Hetherington's representation or express a desire to substitute counsel.
On the day before trial, Mr. Hetherington filed a written petition to withdraw as court-appointed counsel on the ground that Appellant had retained private counsel, Cynthia Marvin. That same day, Ms. Marvin appeared in court on behalf of Appellant and presented the trial judge with a written stipulated motion for substitution of counsel signed by herself and Mr. Hetherington. Ms. Marvin placed Appellant under oath and inquired as to his reasons for wanting to substitute Mr. Hetherington with private counsel. Appellant testified that he could now afford a private attorney of his own choosing.
Following Appellant's testimony, the trial judge noted:
Alright, I want the record to reflect the Court file reflects no indication by this Defendant during the entire period of of Mr. Hetherington's representation of him of deficiencies or complaints. There has been no showing that Mr. Hetherington has not adequately prepared this case. The record should further reflect that the Defendant was physically present for approximately four hours on Monday when jury selection was taken taking place and made no attempt to communicate any desire to be represented by Miss. Marvin. The record should further reflect that ... Tuesday afternoon, the Counsel, Miss. Marvin and Miss. Savage, indicated that the Defendant had now attempted to hire Miss. Marvin to represent him and wish to have a delay. Under the applicable case law, I specifically find that this, uh, attempt is mala fides in the same sense that it is specifically designed, based on the facts that are before me, to delay the trial process and to obstruct the process of justice.
The trial court refused to discharge Mr. Hetherington from the case and ruled that due to the "exceptional circumstance that has been caused by this Defendant's abuse of the system," both attorneys could try the case as co-counsel.
Appellant maintains that the trial court improperly denied him the counsel of his choice when he required the assistant public offender to serve as co-counsel at his trial. We disagree. The trial court has discretion to deny a defendant's request for a particular attorney where there is "countervailing public interest in the fair and orderly administration of justice." U.S. v. Salinas, 618 F.2d 1092, 1093 (5th Cir.1980). In this case, Appellant moved to substitute counsel on the day before trial. When questioned, Appellant did not express any dissatisfaction with his court-appointed counsel's performance and cited only his limited financial resources as a reason for waiting until the eleventh hour before requesting the substitution. In light of Appellant's testimony and the circumstances surrounding his motion, the trial judge properly concluded that Appellant's request was made in bad faith and for the sake of arbitrary delay.
Bowman v. U.S., 409 F.2d 225 (5th Cir. 1969), is analogous. There, the court affirmed the trial court's refusal to substitute counsel and grant a continuance to allow the defendant to procure other counsel where such requests were made on the morning of trial. The appellate court noted that the defendant had failed to raise any specific deficiency in his court-appointed attorney's performance and had given no reason for waiting until the last minute to express his dissatisfaction. In affirming, the court stated, "Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not *281 become a vehicle for achieving delay." Id. at 227. See also Evans v. State, 741 So.2d 1190 (Fla. 4th DCA 1999).
Appellant also challenges his sentence under the 1995 sentencing guidelines on the ground that chapter 95-184, Laws of Florida, violated the single subject requirement of the Florida Constitution. The date of Appellant's offenses, stated as May 11, 1997, fits within the window period for raising such a claim. See Salters v. State, 758 So.2d 667 (Fla.2000). Based on the authority of Heggs v. State, 759 So.2d 620 (Fla.2000), we reverse Appellant's sentence and remand to the trial court for resentencing.
POLEN and GROSS, JJ., concur.