842 So.2d 1044 (2003)
Robert FRATCHER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D01-4952.
District Court of Appeal of Florida, Fourth District.
April 23, 2003.
*1045 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Charles J. Crist, Jr., Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
KLEIN, J.
Appellant contends that the trial court erred when it granted his request to discharge his private counsel on the day his case went to trial, without giving him the opportunity to obtain new counsel. Unrepresented, appellant was convicted of burglary of a dwelling with an assault or battery and received a life sentence. We reverse.
At a hearing three weeks before trial, appellant informed the court that he wanted to discharge his private counsel because she had failed to attend two hearings, had not done sufficient discovery, and he was generally dissatisfied with her performance. She agreed to be discharged because she had no desire to represent a client who did not want her to represent him.
This case had been continued several times as a result of scheduling conflicts or poor communication between appellant's privately retained counsel and the state. However, none of the continuances were caused by appellant, who was incarcerated and had waived speedy trial.
The court, which was concerned about appellant's languishing in jail, questioned appellant's counsel about her readiness for trial and found that she was not ineffective. It then queried appellant about his age, education, and understanding of criminal process, to determine whether appellant was competent to represent himself. In response appellant made it clear that he had no desire to represent himself, only to *1046 obtain other counsel. The court then advised appellant that he could discharge his counsel, but that he could not have a continuance of the trial scheduled to begin in twenty days.
On the morning trial was scheduled to begin, appellant, still represented by the same counsel, again informed the court that he wanted to discharge her, but that he was not competent to represent himself. The court responded:
[I]f you terminate her services that you are doing so freely and voluntarily based on your informed free will and you are freely and voluntarily exercising your right to self representation. I did not find any basis for incompetent assistance of counsel. I have no legal obligation to appoint another attorney for you. You can fire her if you wish. I'll send her out the back door. You'll be representing yourself in this case.
At this point, appellant requested a court appointed attorney which the court refused. The court then discharged appellant's private counsel and denied appellant's request for a continuance, noting that this was one of the oldest cases on its docket.
A public defender who was present suggested that the trial court determine whether appellant was indigent so that the court could appoint counsel to represent appellant, but the court responded that appellant should allow his private counsel to represent him. The court then conducted the trial with appellant unrepresented, over appellant's continued objections, and appellant was convicted.
If a defendant wishes to discharge court appointed counsel for being ineffective, and the court determines that counsel is not ineffective, the defendant is not entitled to additional court appointed counsel. Rather, the defendant must either keep that counsel or represent himself. Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). In the present case the court erred by assuming that Nelson, which applies only when a defendant seeks to replace one court appointed counsel with another, applied to appellant's attempt to discharge his private counsel.
A criminal defendant has the right to select his own private counsel, so long as he is not seeking to delay or otherwise subvert judicial proceedings. Foster v. State, 704 So.2d 169 (Fla. 4th DCA 1997) and cases cited therein. In this case, the court made no finding that appellant was attempting to delay the proceedings or was otherwise in bad faith. As we noted earlier, none of the prior delays were attributable to appellant, and it appears that the court was primarily concerned with the fact that the appellant was in jail and that this was one of the oldest cases on the court's docket.
Although the court was correct in granting appellant's request to discharge his private counsel, Foster, the court erred when it did not give appellant the opportunity to either obtain new private counsel or, if he was indigent, court appointed counsel. A criminal defendant cannot be forced to represent himself where he does not knowingly and intelligently choose to do so. McCall v. State, 481 So.2d 1231 (Fla. 1st DCA 1985). Reversed.
GROSS and TAYLOR, JJ., concur.