979 So.2d 442 (2008)
Clifford JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-3207.
District Court of Appeal of Florida, Fourth District.
April 23, 2008.
*443 Carey Haughwout, Public Defender, and John Pauly, Jr., Assistant Public Defender, West Palm Beach, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Mitchell A. Egber, Assistant Attorney General, West Palm Beach, for appellee.
SHAHOOD, C.J.
Appellant, Clifford Jackson, appeals his conviction of one count of sale of cocaine within 1000 feet of a place of worship. We reverse because the trial court erred in denying appellant's request to discharge his privately retained counsel.
After appellant was charged by way of information, his privately retained counsel entered a notice of appearance and demand for jury trial. On the day scheduled for trial just prior to the jury voir dire, appellant's counsel announced he was ready to proceed with trial but that appellant had asked that day that counsel be discharged.
At that point, the court conducted a Nelson[1] inquiry and asked appellant why he wished to discharge his counsel. Appellant stated that his counsel had not taken depositions and had not investigated the case by measuring the distance between the church and place of the alleged cocaine sale. Appellant also complained that his counsel had advised him to accept the plea agreement offered by the State, which provided for an eight-year sentence. Appellant stated that he had met with counsel the previous month and told counsel he wanted him off the case. Appellant also stated that he believed a personal problem existed between him and his counsel because appellant's counsel had asked *444 appellant about a prior case in which appellant was found not guilty of manslaughter for killing an attorney.
Appellant's counsel responded to appellant's complaints, saying he had discussed the possibility of depositions with appellant but did not recall it being decided that he take them. Counsel admitted he had not taken measurements of the distance to the church. Counsel also stated that he had advised appellant to take the State's offer because the State had a good case that included a videotape of the drug transaction, and appellant had no real defense other than to make the State prove every element of its case. The prosecutor asserted that there was no legitimate question the alleged sale took place within 1000 feet of the church.
The trial court ruled that appellant's stated reasons were not valid grounds to discharge counsel. The court rejected appellant's request and the trial went forward with appellant represented by the same counsel. The jury found appellant guilty as charged in the information. The trial court later adjudicated appellant guilty and sentenced him to twenty years in prison. This appeal followed.
Appellant argues that the trial court made the wrong inquiry by holding a Nelson hearing and the record does not support a determination that his right to new privately hired counsel was overcome by public interest in the fair and orderly administration of justice.
We begin by noting that the trial court was mistaken in holding a Nelson inquiry in this situation. "A Nelson inquiry is appropriate when an indigent defendant attempts to discharge current, and obtain new, court-appointed counsel prior to trial due to ineffectiveness." Branch v. State, 685 So.2d 1250, 1252 (Fla.1996)(emphasis added). When the defendant is not seeking different court-appointed counsel, the quality of representation of court-appointed counsel is not at issue and the effectiveness inquiry of Nelson is not implicated. Foster v. State, 704 So.2d 169, 172-73 (Fla. 4th DCA 1997).
In cases such as the present, where Nelson is not applicable, the appropriate focus is on balancing the defendant's right to discharge his attorney and obtain another against the court's interest in judicial administration and avoiding unreasonable delay. See Evans v. State, 741 So.2d 1190, 1191 (Fla. 4th DCA 1999). "A criminal defendant has a right to select his own private counsel, so long as he is not seeking to delay or otherwise subvert judicial proceedings." Fratcher v. State, 842 So.2d 1044, 1046 (Fla. 4th DCA 2003). However, "where `considerations of judicial administration' supervene, the presumption in favor of counsel of choice is rebutted and the right must give way." Foster, 704 So.2d at 173 (citation omitted).
Fratcher is similar to the present case and involved a defendant who sought to discharge privately retained counsel. In Fratcher, the defendant informed the trial court three weeks prior to trial that he wished to discharge his privately retained counsel due to dissatisfaction with her performance. 842 So.2d at 1045. The trial court made an inquiry, found appellant's counsel prepared for trial and not ineffective, and advised appellant that he could discharge his counsel but could not have a continuance of the trial set to begin in twenty days. Id. at 1045-46. On the day of trial, the trial court advised the defendant he could discharge his counsel but could not have court-appointed counsel. Id. The defendant proceeded unrepresented and was convicted. Id.
On appeal, this court noted that (as here) the trial court had mistakenly conducted a Nelson inquiry where there was *445 no reason for one. Id. We found it significant that the trial court made no finding that appellant's request to discharge counsel was made in bad faith or to delay the proceedings. Id. We held that the trial court correctly allowed the appellant to discharge his privately retained counsel, but erred by not giving him the opportunity to obtain new private counsel or court-appointed counsel. Id.
We are sympathetic to the difficult situation a trial court faces in balancing the defendant's right to discharge his attorney and obtain another against the court's interest in judicial administration and avoiding unreasonable delay when a defendant seeks to discharge counsel on the day of trial. "Judges must be vigilant that requests for appointment of a new attorney on the eve of trial should not become a vehicle for achieving delay." Tyler v. State, 945 So.2d 662, 664 (Fla. 4th DCA 2007) (quoting Foster, 704 So.2d at 173 (citation omitted)). This court has shown an unwillingness to reverse a trial court's denial of a defendant's request to discharge counsel when that request comes for the first time on the eve of trial and the trial court finds the request motivated by a desire to delay the proceedings. See Hurtado v. State, 760 So.2d 279, 280 (Fla. 4th DCA 2000). Likewise, we have reversed and remanded for new trial where a trial court's stated concern of avoiding further delay was clearly arbitrary and unsupported as a reason to deny the defendant's request. Foster, 704 So.2d at 174.
Here, the trial court's findings and the discussion preceding them on the discharge of counsel issue were done in a Nelson context and therefore focused solely on the quality of counsel's representation and preparedness for trial. The trial court made no finding that appellant's request was made in bad faith or for purposes of delay, that the State's case would suffer prejudice, or that the court's schedule would not permit a continuance. The record does not support a conclusion that any of these scenarios existed and, even if it did, the trial court should have given appellant the option to proceed to trial with current counsel or discharge counsel and represent himself.
We reverse and remand for new trial.
Reversed and Remanded.
TAYLOR, J., and LEVIN, STEVEN J., Associate Judge, concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).