GERSTEN, C.J.
(concurring).
I agree with the majority’s decision to reverse and remand Jonathan Nodal’s (“the defendant”) conviction and sentence for two counts of first degree murder. I write, however, to clarify the issue of the defendant’s legal representation.
Here, the defendant retained private counsel. Before trial, he wanted to discharge his attorney. The trial court, however, did not allow the defendant to discharge his attorney.
Recently, the United States Supreme Court held that states are permitted to insist upon representation by counsel for those who are competent enough to stand trial but who still suffer from severe mental illness so they are not competent to conduct trial proceedings themselves. See Indiana v. Edwards, — U.S. -, 128 S.Ct. 2379, 2387-88, 171 L.Ed.2d 345 (2008). Therefore, the trial judge was correct to insist that the defendant have representation.
However, as the majority mentions in footnote two, the defendant has an unqualified right to discharge his privately retained counsel. See Branch v. State, 952 So.2d 470, 484 (Fla.2006); Fratcher v. State, 842 So.2d 1044, 1046 (Fla. 4th DCA 2003). See also Jackson v. State, 979 So.2d 442 (Fla. 4th DCA 2008). Therefore, if the defendant again requests to discharge his privately retained counsel, the trial judge should honor his request. If however, the defendant is still competent to stand trial, but not competent to represent himself, the trial judge can give the defendant an opportunity to retain different counsel or appoint counsel to represent him. Branch, 952 So.2d at 484.