WARNER, J.
In this appeal from his conviction for false imprisonment and assault, appellant claims that the trial court erred in denying his motion to substitute counsel. Because the trial court made no inquiry of appellant and gave no reason for denying the motion for substitution and the short continuance requested so that private counsel could appear, the trial court abused its discretion. We therefore reverse.
Alvarez was charged with false imprisonment and aggravated assault with a firearm arising out of an October 2008 domestic dispute in which he allegedly threatened Dawn Alvarez, his estranged wife, with a gun. Jury trial was set for August 25, 2009. Prior to the commencement of trial, attorney Scott Skier addressed the court and informed it that the day before Alvarez, who had been represented by the public defender to that point, hired Skier to represent him in the matter. Skier noted that he had filed a notice of appearance, a motion to substitute counsel, and a motion for continuance. He requested a thirty to forty-five day continuance to see if the ease could be worked out with the prosecutor or to prepare for trial. The state objected, stating that it was prepared to go to trial that day.
The court asked about the history of the case. The state attorney noted that the case had been handled by another state attorney until recently, and the ease was before Judge Colbath. He noted that it was an older case, dating from 2008, and the trial would be relatively quick. The court asked how long the case had been set and was informed by the public defender that it had been set two weeks earlier by Judge Colbath. The public defender also noted that because appellant had paid Skier to represent him, he could no longer be considered indigent for the purposes of *422 public defender representation. Without any further inquiry, the court denied the substitution of counsel and started the trial, where appellant was represented by the public defender. Appellant was convicted, prompting this appeal.
We review the denial of a motion to substitute counsel and the trial court’s ruling on a motion for continuance under an abuse of discretion standard. See Lelieve v. State, 7 So.3d 624, 629 (Fla. 3d DCA 2009).
The Sixth Amendment of the United States Constitution protects the right of a criminal defendant to be represented by the attorney of his or her own choosing. See Wheat v. United States, 486 U.S. 153, 159, 108 S.Ct. 1692, 1697, 100 L.Ed.2d 140 (1988). Wheat acknowledges that this right is not absolute. In Foster v. State, 704 So.2d 169 (Fla. 4th DCA 1997), we explained that a trial court may exercise its discretion and deny a motion for substitution of counsel based upon considerations of judicial administration:
“[A] defendant does not have an absolute right to a particular lawyer and that it is within a trial court’s discretion to deny a defendant’s request for particular counsel when there is a ‘countervailing public interest in the fair and orderly administration of justice.’ ” Bundy v. State, 455 So.2d 330, 348 (Fla.1984) (quoting United States v. Salinas, 618 F.2d 1092, 1093 (5th Cir.1980)). For example, a defendant’s invocation of the right to choose his own attorney may not be made in bad faith or “for the sake of arbitrary delay or to otherwise subvert judicial proceedings.” See Holley v. State, 484 So.2d 634, 636 (Fla. 1st DCA 1986); accord Cartwright v. State, 565 So.2d 784, 785 (Fla. 5th DCA 1990) (agreeing that a “defendant’s right to obtain private counsel is not a license to delay proceedings and waste the trial court’s time.”).
Id. at 173. In Foster, a defendant sought to discharge his court-appointed lawyer on the day of trial and utilize a private attorney retained by his family. The court denied the substitution, stating that it would not countenance further delay of the two-year-old case. We reversed, because the trial court did not find that any delay could be attributed to the defendant, that it appeared that the potential substitution had been discussed at a hearing prior to the trial; and because, despite the trial court’s concern over delay, it subsequently granted the defendant’s court-appointed counsel a short continuance. Accordingly, the trial court’s decision was arbitrary.
We considered the defendant’s right to discharge private counsel in Jackson v. State, 979 So.2d 442 (Fla. 4th DCA 2008). There, the defendant sought to discharge his private counsel on the day of trial. The trial court conducted a Nelson inquiry as to the reasons, and finding them inadequate denied the motion for discharge. Defendant proceeded to trial represented by the counsel he sought to discharge. In reversing, we noted that a Nelson inquiry was not appropriate, because appellant was not seeking to have court-appointed counsel. Instead, a trial court ruling on a request for substitution on the eve of trial should focus on the balancing of the defendant’s right to counsel of his own choosing with considerations of judicial administration. In Jackson, we noted:
The trial court made no finding that appellant’s request was made in bad faith or for purposes of delay, that the State’s case would suffer prejudice, or that the court’s schedule would not permit a continuance. The record does not support a conclusion that any of these scenarios existed and, even if it did, the trial court should have given appellant *423 the option to proceed to trial with current counsel or discharge counsel and represent himself.
Id. at 445. Based upon the trial court’s failure to address these factors, we reversed and remanded for a new trial. In contrast, in Hurtado v. State, 760 So.2d 279, 280 (Fla. 4th DCA 2000), we affirmed the trial court’s denial of a motion for substitution on the day of trial where the defendant had not expressed his dissatisfaction with appointed counsel, and the trial court found that the request for substitution was an attempt to delay the process and obstruct the administration of justice.
In the present case, the trial court made no findings that the request to substitute was made in bad faith for the purpose of delaying the administration of justice, nor would this record support such a finding. The ease had been pending for about ten months. It had been set for trial just two weeks before, and there is no evidence that it had been delayed by the actions of the defendant. The state did not claim that it would be prejudiced (other than the fact that the state attorney was prepared to try the case that day), nor did the trial court state that its schedule would not allow a short continuance. Without ever interrogating the appellant himself on the reason for his seeking to change attorneys on the eve of trial, the court simply denied the motion for substitution. Nor did it offer the appellant the option of representing himself.
While the constitutional right to have counsel of one’s own choosing represent a defendant at trial may yield to considerations of the administration of justice, not every request to substitute counsel on the eve of trial may sufficiently impact those considerations such that a request may be denied without inquiry and without the court making proper findings to show that the defendant’s constitutional right is not being arbitrarily denied. Here, without such findings, we must find that the trial court abused its discretion.

Reversed and remanded for a new trial.

POLEN and LEVINE, JJ., concur.