DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*July Term 2014*

**ROBERT DEAL,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D13-641

[August 20, 2014]

CORRECTED OPINION

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Jeffrey J. Colbath, Judge; L.T. Case Nos. 502009CF010942AMB, 502010CF008449AMB, 502010CF008451AMB.

Carey Haughwout, Public Defender, and Nan Ellen Foley, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Melynda L. Melear, Assistant Attorney General, West Palm Beach, for appellee.

PER CURIAM.

On appeal from the trial court's revocation of probation, Robert Deal argues that the trial court erred by: (1) denying his motion for continuance to retain private counsel; (2) relying on hearsay in finding that he left his county of residence; (3) finding that the State proved he had the ability to pay costs and willfully failed to do so; and (4) entering written revocation of probation orders which do not conform to the trial court's oral pronouncements. Because we reverse as to the first argument, the remainder of the arguments are moot.

This appeal involves three cases in which Deal entered into negotiated pleas for possession of cocaine with intent to sell and sale of oxycodone. In each case, Deal's probation officer filed violation of probation affidavits listing various allegations. After the violation of probation hearing was

scheduled, the defense was granted a continuance, and the matter was reset for approximately one month later. At the request of the trial court, it was agreed that the violation of probation hearing was limited to the technical violations of probation, with the remaining substantive allegations set off for future resolution.

At the outset of the violation of probation hearing, Deal's assistant public defender informed the trial court that Deal wanted to retain private counsel and that Deal's mother was present to address the trial court on the matter. Deal's mother requested a continuance in order to retain private counsel for her son. She explained that she had interviewed with a private attorney, provided his name, and stated that she had spoken to him twice in the past four days, although he was not present at the hearing because he was appearing in court out of town for another case. When asked, Deal's mother indicated that she had paid him a retainer fee and explained that he had instructed her to request a continuance and call him as soon as one had been obtained. Deal's assistant public defender then adopted the request for a continuance.

The trial court did not make any further inquiry and did not question Deal personally. When asked, the State informed the trial court that the matter had been continued once before, but neither objected to, nor agreed to another continuance. The trial court then denied Deal's request for a continuance, without indicating its reasoning for doing so and noted that the State was proceeding on only the technical charges that day, and that the substantive charges would be heard at a later date. The trial court further stated that:

> THE COURT: [I]f [private counsel] wants to jump on board and handle the second half of it, you're welcome to do that, if you can come up with an agreement with him. *I don't know how far down the road you've gotten as far as hiring him.*

(emphasis added).

At the conclusion of the hearing, the trial court found that Deal violated several conditions of his probation. The trial court revoked his probation and sentenced him to 48 months in prison with credit for 366 days. By the time of sentencing, the State had dropped the allegations on the substantive violations.

On appeal, the denial of a motion for continuance to retain counsel of choice is reviewed for an abuse of discretion. *Alvarez v. State,* 75 So. 3d 420, 422 (Fla. 4th DCA 2011).

"The Sixth Amendment of the United States Constitution protects the right of a criminal defendant to be represented by the attorney of his or her own choosing." *Id.* (citing *Wheat v. United States,* 486 U.S. 153 (1988)). Notably, however, this right is not absolute. This Court has previously explained that "a defendant does not have an absolute right to a particular lawyer and that it is within a trial court's discretion to deny a defendant's request for particular counsel when there is a 'countervailing public interest in the fair and orderly administration of justice.'" *Id.* (quoting *Foster v. State,* 704 So. 2d 169, 173 (Fla. 4th DCA 1997)).

Still, any denial of an accused's request for a continuance to retain counsel of choice must be based on an adequate inquiry into the surrounding circumstances and "proper findings to show that the defendant's constitutional right is not being arbitrarily denied." *Id.* at 423 (reversing for new trial where trial court denied a day-of-trial request for substitution of counsel and motion to continue without sufficient inquiry or proper findings). The trial court's ruling should focus on balancing "the defendant's right to counsel of his own choosing with considerations of judicial administration." *Id.* at 422. In this regard, we have previously considered several relevant factors, including: whether the motion is being made in bad faith or as a delay tactic; whether a continuance would prejudice the State; or whether the court's schedule would not permit a continuance. *See id.* (citing *Jackson v. State,* 979 So. 2d 442, 445 (Fla. 4th DCA 2008)).

In this case, the trial court below failed to consider any of these circumstances before denying Deal's motion for continuance to retain private counsel. The trial court made no finding that Deal was acting in bad faith or requesting a continuance for the purpose of delaying the administration of justice. In addition, there does not appear to be anything in the record that would support such a finding. Based on the exchange between Deal's mother and the trial court, it appears that private counsel had been retained. Deal's mother communicated his request to obtain a continuance and his court-appointed counsel adopted the request. The State did not object to the request nor did it argue that it would be prejudiced if a continuance were granted. Without ever questioning Deal, himself, on the motive for seeking to retain private counsel, the trial court simply denied the motion, apparently concluding that Deal would not be prejudiced in proceeding with his current counsel for the first half of the case. The trial court's suggestion that Deal's counsel of choice could "jump on board and handle the second half of it" erroneously deprived Deal of his right to be defended by his counsel of choice. *See U.S. v. Gonzalez-Lopez,* 548 U.S. 140 (2006).

Therefore, having failed to make an adequate inquiry into the surrounding circumstances and to make a clear finding that Deal's constitutional right was not being arbitrarily denied, we hold that the trial court erred in denying his motion for a continuance to retain private counsel. Accordingly, we reverse and remand for a new violation of probation hearing.

*Reversed and remanded.*

GROSS, GERBER and CONNER, JJ., concur.

\*　　\*　　\*

**Not final until disposition of timely filed motion for rehearing.**

4