LEVINE, J.
The issue presented for our review is whether the trial court conducted a sufficient inquiry in the motion to continue a sentencing hearing where the continuance was critical to appellant retaining counsel of his choice. We find that the trial court summarily denied the motion to continue, which resulted in the summary denial of appellant’s counsel of choice. The denial was made without sufficient, or in this case, any inquiry. Additionally, the trial court did not make the proper or appropriate findings to demonstrate that appellant’s constitutional right to counsel of choice was not being “arbitrarily denied.” Thus, we find that the failure to make any inquiry or appropriate findings requires resentencing, with the opportunity for appellant to retain counsel of choice at the new sentencing.
While a court-appointed attorney represented appellant, the trial court accepted appellant’s plea and scheduled a sentencing hearing for November 14, 2014. One week before the hearing, private counsel, who appellant’s family had just retained, filed a motion to continue the sentencing, stating that he needed time to interview and prepare witnesses. On November 12, 2014, the court-appointed attorney filed an emergency motion to withdraw, citing “[i]rreconcilable differences” because the private attorney filed the motion to continue. The court-appointed attorney stated in the motion to withdraw that private counsel’s statements were “at odds with the strategies current counsel and the defendant had decided were in his best interest, diselose[d] confidential information and undermine[d] counsel’s ability to continue the representation.”
' At a hearing on court-appointed counsel’s motion to withdraw, the trial court asked private counsel if the private counsel was taking the case. Private counsel said he could not take the case if the trial court did not grant a continuance. The trial court said there would be no continuance and again asked private counsel if he was taking the case. Private counsel then said he would not be taking the case, and the trial court denied the court-appointed attorney’s motion to withdraw. The trial court entered a written order denying the motion to withdraw without stating 'any reasons. Appellant proceeded to sentencing with his court-appointed attorney and without the private. counsel appellant’s family had hired. The trial court sentenced appellant to forty years in prison followed by ten years of probation. This appeal ensues.
We review “the denial of a motion to substitute counsel and the trial court’s ruling on a motion for continuance under an abuse of discretion standard.” Hillsman v. State, 159 So.3d 415, 420 (Fla. 4th DCA 2015) (citation omitted). Of course, the right of a defendant to be represented by the attorney of his own choosing is a right protected by the Sixth Amendment of the United States Constitution. Id. But that right to having the counsel of the defendant’s own choosing is limited. Id. In Hurtado v. State, 760 So.2d 279 (Fla. 4th DCA 2000), this court affirmed the denial of a motion for substitution of counsel filed on the day of trial “where the defendant had not expressed his dissatisfaction with appointed counsel” and the trial court had “found that the request for substitution was an attempt to delay the process and obstruct the administration of justice.” Alvarez v. State, 75 So.3d 420, 423 (Fla. 4th DCA 2011) (citing Hurtado, 760 So.2d at 280).
When a trial court considers a defendant’s request for continuance to re *798 tain counsel of choice, the trial court must conduct “an adequate inquiry into the surrounding circumstances” and make “proper findings to show that the defendant’s constitutional right is not being arbitrarily denied.” Deal v. State, 145 So.3d 212, 214 (Fla. 4th DCA 2014) (quoting Alvarez, 75 So.3d at 423). The trial court’s ruling on the motion to continue to retain counsel “should focus on the balancing of the defendant’s right to counsel of his own choosing with considerations of judicial administration.” Alvarez, 75 So.3d at 422. Factors to be considered by the trial court include “whether the motion is being made in bad faith or as a delay tactic; whether a continuance would prejudice the State; or whether the court’s schedule would' not permit a continuance.” Deal, 145 So.3d at 214.
“[N]ot every request to substitute counsel on the eve of trial may ... be denied without inquiry and without the court making proper findings to show that the defendant’s constitutional right is not being arbitrarily denied.” Alvarez, 75 So.3d at 423. In Alvarez, this court found the trial court abused its discretion in denying the defendant’s motion to substitute counsel and motion for continuance made on the day of trial without making any such findings.
In Deal, court-appointed counsel moved for a continuance at the outset of a violation of probation hearing after informing the trial court that the defendant had retained private counsel. The trial court denied the request for a continuance, without indicating its reasoning for doing so. This court found that the trial court failed to consider any of the relevant circumstances before denying the defendant’s motion for a continuance to retain private counsel. The trial court did not find that the defendant was acting in bad faith or l-equesting a continuance for the purpose of delaying the administration of justice, nor did the record support such a finding. The state did not object to the request nor argue that it would be prejudiced if a continuance were granted. Additionally, the trial court did not question the defendant himself on the motive for seeking to retain private counsel. This court concluded that the trial court erroneously deprived the defendant of his right to be defended by his counsel of choice.
Similarly, in this case, the trial court did not make any inquiry of appellant or counsel. The trial court did not make any inquiry “into the surrounding circumstances” nor make a clear finding that appellant’s constitutional rights were not arbitrarily denied. Thus, we find that without making an adequate inquiry or required findings,-the trial court abused its discretion. We, therefore, reverse and remand for a new sentencing, where appellant will have the opportunity - to retain counsel of choice,

Reversed and remanded for new sentencing.

MAY and KLINGENSMITH, JJ., , concur.