DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**TERRY LEE BENTZ, JR.,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-2877

[July 25, 2018]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence Michael Mirman, Judge; L.T. Case No. 432017CF000034B.

Carey Haughwout, Public Defender, and Ian Seldin, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Marc B. Hernandez, Assistant Attorney General, West Palm Beach, for appellee.

MAY, J.

The defendant appeals his conviction of (1) possession of hydromorphone and (2) possession of drug paraphernalia. He argues the trial court abused its discretion by failing to question him about the circumstances surrounding his request for private counsel and failing to make requisite findings supporting the denial of his request. We disagree and affirm.

The State charged the defendant with possession of hydromorphone and possession of drug paraphernalia. At his first hearing, he was appointed a public defender, waived speedy trial, and moved for a continuance. The court granted the motion, and two subsequent defense motions for continuance.

The matter proceeded to trial. Just before jury selection, defense counsel announced he was ready for trial, but advised the court that the defendant "indicated to me this morning that he wished to hire private counsel, uh, so that's-that's where we stand. But I am ready if necessary."

Defense counsel told the court that he knew the defendant "wanted to hire private counsel."

> THE DEFENDANT: Your Honor, I just wanted a new fresh set of eyes to look at my situation that I have.
>
> THE COURT: Your case is 217 days old, that's the problem.
>
> THE DEFENDANT: I spoke to a couple of attorneys over the last couple of weeks –
>
> THE COURT: Yeah.
>
> THE DEFENDANT: And they said that they would do their best to get in and get everything taken care of as rapidly as possible. They said that –
>
> THE COURT: The Florida Supreme Court on felonies still has it in their mind that I'm supposed to resolve all of them within six months and you're beyond that, so you're well beyond where the case should be at this time, so we're ready to try the case. We'll be picking a jury this morning and trying the case tomorrow. All right, so let me temporarily pass that case and we'll come back to the other cases.

Without further comment, the parties proceeded to jury selection and a jury was sworn. When court reconvened the next day, the defendant failed to appear. The court found the defendant had voluntarily absented himself and proceeded with the trial, pursuant to Florida Rule of Criminal Procedure 3.180(c)(1)–(2). The jury found the defendant guilty on both counts. The trial court sentenced him in absentia to 43 months imprisonment.

The defendant now appeals and argues the court erred in handling his request for private counsel by failing to: (1) inquire about his request for private counsel; and (2) make the requisite findings to support the denial. The State responds that the trial court properly denied the request for new counsel because it was last-minute—the case had been pending for 217 days. It also suggests the court conducted a sufficient inquiry, and made the appropriate findings on the record. The State further argues that because the defendant failed to request a continuance, he failed to preserve the issue.

We review the denial of the defendant's request to discharge his court-

2

appointed attorney and substitute private counsel of his choice for an abuse of discretion. *Foster v. State,* 704 So. 2d 169, 172 (Fla. 4th DCA 1997).

The State argues the defendant failed to preserve the issue because he did not move for a continuance to "finalize the retention of counsel," citing *Guillen v. State,* 189 So. 3d 1004 (Fla. 3d DCA 2016). There, the Third District held that the denial of a motion for a continuance was not preserved because defense counsel failed to renew the motion at the start of trial and expressed he was ready to proceed. *Id.* at 1008. Because *Guillen* only addressed preservation of the denial of a motion for continuance, it does not support a lack of preservation here.

In fact, we previously reviewed the denial of a request for private counsel without the defendant having moved for a continuance. *See Evans v. State,* 741 So. 2d 1190, 1191 (Fla. 4th DCA 1999). There, we affirmed the denial of defendant's request to substitute private counsel. *Id.* at 1192. We discussed our prior decision in *Foster,* where we noted that the defendant "had failed to raise any specific deficiency in counsel's performance, that appointed counsel was ready for trial, and that the defendant had given no reason for waiting until the morning of trial before bringing his dissatisfaction to the trial court's attention." *Foster,* 704 So. 2d at 173.

In short, the defendant did not fail to preserve the issue for review by failing to request a continuance.

On the merits, the defendant argues the trial court's insufficient inquiry and findings on his request for private counsel warrant a reversal. The State responds that the last-minute nature of the request, the length of time the case had been pending, and the court's reference to the Rules of Judicial Administration warrant an affirmance. We agree with the State.

The Sixth Amendment's right to counsel creates a presumption favoring a defendant's choice of counsel. *Wheat v. United States*, 486 U.S. 153, 160 (1988). But, this right is not absolute. *Id.* at 159. "[T]he essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Id.*

When ruling on a request for substitution of counsel, a trial court should focus on balancing "the defendant's right to discharge his attorney and obtain another against the court's interest in judicial administration and avoiding unreasonable delay." *Jackson v. State*, 979 So. 2d 442, 444

(Fla. 4th DCA 2008). The presumption favoring a defendant's choice of counsel is rebutted when the latter interest outweighs the former. *Id.*

Generally, a court should conduct an adequate inquiry into the surrounding circumstances and make findings to ensure that its denial of the request is not arbitrary. *Valcarcel v. State*, 201 So. 3d 795, 797-98 (Fla. 4th DCA 2016).

In balancing the defendant's right to counsel of choice against the court's interest in judicial administration, the court should consider if:

(1) the request was made in bad faith or as a delay tactic;

(2) the State will suffer prejudice; and

(3) the court's schedule will allow a continuance.

*Id.* at 798; *see also Deal v. State*, 145 So. 3d 212, 214 (Fla. 4th DCA 2014).

The court's inquiry should be extensive enough to ascertain the surrounding circumstances and "make a clear finding that [the defendant's] constitutional rights were not arbitrarily denied." *Valcarcel*, 201 So. 3d at 798. The court may question the defendant or defense counsel to determine the reason for making the request. *See id.*; *Deal*, 145 So. 3d at 213, 215.

Although requests for substitution of counsel on the eve of trial are disfavored, we have held that this fact alone does not dispose of the balancing test to be undertaken. *Alvarez v. State*, 75 So. 3d 420, 422 (Fla. 4th DCA 2011). Admittedly, the trial court's inquiry here was de minimus. When the court was advised of the defendant's preference to investigate private counsel, the trial court simply reminded him that 217 days had passed and his counsel was ready for trial.

From the record, we can detect that the defendant made his request for private counsel on the day of trial. He had not retained a lawyer, but simply indicated that he wanted another set of eyes to review his case. He suggested that the lawyers he had talked to would hurry to be ready for trial quickly. He did not identify a specific lawyer, did not suggest the public defender's representation was inadequate, and did not indicate he could not work with the public defender. The court identified three prior defense continuances, and the Florida Supreme Court's goal of resolving felony cases within six months as reflected in the Rules of Judicial Administration. And, the next day, the defendant failed to appear for trial.

4

We affirm because even though the trial court's inquiry could certainly have been more thorough and the findings more specific, this last-minute attempt to postpone his trial without more detail did not warrant the granting of such a motion.

*Affirmed.*

WARNER and FORST, JJ., concur.

\*          \*          \*

**Not final until disposition of timely filed motion for rehearing.**

5