DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**FRANKLIN P. JONES,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D18-656

[May 29, 2019]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence M. Mirman, Judge; L.T. Case No. 17-000393CFAXMX.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley B. Moody, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

The issue presented for our review is whether the trial court made findings sufficient to demonstrate that the defendant's constitutional right to retaining the counsel of his choice was not arbitrarily denied. We find that where appellant was transported to the county just five days before trial, appellant became aware of that trial date only a few days before trial, and appellant's counsel of choice appeared on the day of trial requesting a two- to three-day continuance, the trial court erred in not granting the brief continuance for appellant to retain counsel of choice. Based on the facts of this case, we reverse and remand for a new trial.

Appellant was charged in Martin County with DUI, driving with a suspended license, possession of cannabis, possession of drug paraphernalia, resisting an officer without violence, and three counts of high speed or wanton fleeing. While appellant was being held in Palm Beach County on unrelated charges, the public defender's office represented appellant and, although appellant was not present, told the

court that appellant was "fine" with scheduling this case for a January 29 trial.

Five days before trial, appellant was transported from Palm Beach County to Martin County for trial. On Monday, the day of trial, appellant's public defender told the trial court that appellant had a private attorney present whom appellant wanted to represent him. Although the public defender had met with appellant two or three times, was "familiar with everything" in the case, and "in theory" could proceed to trial, he was requesting a continuance for private counsel to take over appellant's representation. The public defender stated that after agreeing on January 2 to the January 29 trial date, he had not sent anything to appellant letting him know that the trial had been set for January 29. The public defender further stated that appellant became aware of the trial date only after meeting with the public defender the Thursday before.

The private attorney stated that she would like a continuance for two or three days so as to prepare for trial. The state responded that one of its law enforcement witnesses was expected to be unavailable on Thursday for the birth of his child. The state did not explain whether the witness would be unavailable beyond Thursday. Appellant again expressed his desire to continue the trial in order to hire the private attorney. The trial court responded that the attorneys were prepared and ready to go to trial and that "it's not like we have unprepared lawyers. If we have an unprepared lawyer I would be continuing it." The trial court denied appellant's request for a brief continuance in order to hire counsel of his choosing.

The case proceeded to trial. After the trial, appellant was convicted of possession of cannabis, resisting arrest without violence, driving with a suspended license, and a single count of high speed or wanton fleeing. From these convictions, this appeal ensues.

We review a defendant's request to discharge court-appointed counsel in favor of private counsel of his choice under the abuse of discretion standard. *Bentz v. State*, 251 So. 3d 201, 204 (Fla. 4th DCA 2018). A wrongful denial of the right to be represented by a privately retained lawyer of defendant's choice, however, is prejudicial per se. *Foster v. State*, 704 So. 2d 169, 174 (Fla. 4th DCA 1997).

It is of course axiomatic that "[t]he Sixth Amendment of the United States Constitution protects the right of a criminal defendant to be represented by the attorney of his or her own choosing." *Alvarez v. State*, 75 So. 3d 420, 422 (Fla. 4th DCA 2011); *see also* Fla. Const., art. I, § 16.

2

Although a criminal defendant has a Sixth Amendment right to select his own attorney, that right is not unfettered, nor is it absolute. *See Wheat v. United States*, 486 U.S. 153, 159 (1988). One limitation on the right to counsel of choice is related to considerations of judicial administration. *Foster*, 704 So. 2d at 173. Furthermore, a criminal defendant does not have the right to "delay or otherwise subvert judicial proceedings." *Jackson v. State*, 979 So. 2d 442, 444 (Fla. 4th DCA 2008) (citation omitted).

Nonetheless, a request for a substitution of counsel on the eve of trial cannot be arbitrarily denied. *Alvarez*, 75 So. 3d at 423. "[A] trial court ruling on a request for substitution on the eve of trial should focus on the balancing of the defendant's right to counsel of his own choosing with considerations of judicial administration." *Id.* at 422. "Although requests for substitution of counsel on the eve of trial are disfavored, we have held that this fact alone does not dispose of the balancing test to be undertaken." *Bentz*, 251 So. 3d at 205.

Thus, regardless of when a request for substitution is made, the trial court must engage in an "adequate inquiry into the surrounding circumstances and make proper findings to show that the defendant's constitutional right is not being arbitrarily denied." *Deal v. State*, 145 So. 3d 212, 214 (Fla. 4th DCA 2014) (citation and quotation marks omitted). The "[f]actors to be considered by the trial court include whether the motion is being made in bad faith or as a delay tactic; whether a continuance would prejudice the State; or whether the court's schedule would not permit a continuance." *Valcarcel v. State*, 201 So. 3d 795, 798 (Fla. 4th DCA 2016) (citation and quotation marks omitted).

Applying these factors to the present case, it is apparent that the trial court erred in denying the request for a short continuance in order for private counsel of appellant's choosing to prepare to represent appellant at trial. Since appellant only found out that the trial was set for Monday, January 29 on the preceding Thursday, the request for private counsel to have a continuance for two to three days would appear not to be in bad faith or delay. Once appellant was made aware of the Monday trial date, private counsel was contacted, was in the process of being retained, and would have been ready for trial in two to three days.

As to prejudice to the state, the state only placed on the record that one of its law enforcement witnesses would not be available on one day, Thursday. The state did not claim on the record that the witness would not be available on that Friday, on the following Monday, or on some other day. The trial court could have proceeded with trial after a two- to three-

day continuance without prejudicing the state and accommodating the state's concern that one witness would not be available that Thursday for trial.

Finally, as to whether the court's schedule would not permit a continuance, the trial court had already agreed to a continuance if the public defender was not "prepared" to proceed with trial. Since the public defender was "prepared," the trial court denied the motion to continue. But the fact remains the trial court's schedule was flexible enough to accommodate a continuance, only for a different stated reason.

Significantly, appellant did not merely want a second opinion or "another set of eyes to review his case" like the defendant in *Bentz*, 251 So. 3d at 205. Appellant wanted the private attorney of his choosing to be his lawyer for the imminent trial. He had a specific attorney in court asking for a brief continuance, once again unlike *Bentz,* where the defendant "did not identify a specific lawyer." *Id.*

In summary, we find that the trial court abused its discretion in not granting a short continuance. The court did not make "proper findings" that the state would be prejudiced by the delay, that the request for continuance was made in bad faith, or that the trial court's schedule would not permit a continuance. *See Deal,* 145 So. 3d at 214. Accordingly, we reverse and remand for a new trial.

*Reversed and remanded.*

GROSS and TAYLOR, JJ., concur.

\*       \*       \*

***Not final until disposition of timely filed motion for rehearing.***