DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JOSE PEROZO,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-527

[February 22, 2023]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Scott Suskauer, Judge; L.T. Case No. 50-2020-CF-006633-AXXX-MB.

Carey Haughwout, Public Defender, and Robert Porter, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Anesha Worthy, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Jose Perozo ("Defendant") appeals his judgment and sentences after a jury found him guilty of burglary of a dwelling, fleeing or attempting to elude, and possession of cocaine. Defendant asserts four grounds for reversal on appeal. We affirm without discussion as to three of the grounds, but reverse and remand for a new trial because the trial court erred in denying Defendant's motion to continue trial to hire counsel without making an adequate inquiry into the surrounding circumstances and clear findings to show that Defendant's constitutional right to counsel of choice was not being arbitrarily denied.

*Background*

The State charged Defendant with burglary of a dwelling, fleeing or attempting to elude an officer, and possession of cocaine. The public defender was appointed to represent Defendant. The case proceeded to a jury trial.

One week before trial was set to begin, Defendant filed a stipulation of substitution of counsel, substituting his court-appointed assistant public defender with private counsel. Two days later, private counsel filed a notice of appearance. The next day, the trial court held a status check requested by Defendant's assistant public defender regarding a determination of counsel. Defendant did not attend the status hearing. At the status hearing, private counsel requested that the trial court allow him to represent Defendant and indicated that he had a further request, of which he had previously advised the State. Before private counsel could make his further request, the trial court stated: "I'm not granting a continuance. If you want to go on board to try the case next week[,] [i]t's up to you. I'm not going to have . . . defendant's [sic] run the show around here, picking new lawyers . . . and getting continuances."

Later the same day the status hearing was held, private counsel filed a motion to withdraw the stipulation for substitution of counsel. In the withdrawal motion, private counsel stated that his agreement to represent Defendant was dependent on the trial court granting a trial continuance, and because the trial court denied a continuance, he immediately notified Defendant that he would not be able to represent him and refunded the retainer which Defendant paid. Shortly after private counsel filed the motion, the trial court entered an order deeming the motion for substitution of counsel and notice of appearance withdrawn.

A little over an hour after the trial court entered the order deeming the motion to substitute counsel withdrawn, Defendant filed a motion for thirty-day continuance to hire counsel of his choice and to depose witnesses who had refused to honor subpoenas after being served.[1] Defendant cited case law supporting his right to counsel of his choosing and holding that a trial court errs in denying a continuance without an adequate inquiry into the surrounding circumstances and clear findings to demonstrate that a defendant's constitutional right to counsel of his or her choice is not being arbitrarily denied.

On the morning of trial, the trial court first addressed Defendant's motion for continuance. The trial court stated that it had reviewed Defendant's motion and was denying a continuance.

Accordingly, trial proceeded with Defendant represented by the assistant public defender who had been handling the case for some time.

---

[1] Because the State witnesses did not honor deposition subpoenas prior to trial, the State makes no argument on appeal that court-appointed counsel was seeking a last-minute delay in the trial because the defense was not diligent.

2

The jury ultimately convicted Defendant as charged. After sentencing, Defendant gave notice of appeal.

*Appellate Analysis*

"A denial of a motion for continuance to obtain new counsel is reviewed for an abuse of discretion." *McKenzie v. State*, 308 So. 3d 183, 187 (Fla. 4th DCA 2020). "A wrongful denial of the right to be represented by a privately retained lawyer of defendant's choice, however, is prejudicial per se." *Jones v. State*, 271 So. 3d 1042, 1044 (Fla. 4th DCA 2019).

"The Sixth Amendment of the United States Constitution protects the right of a criminal defendant to be represented by the attorney of his or her own choosing." *Alvarez v. State*, 75 So. 3d 420, 422 (Fla. 4th DCA 2011); *see also* Art. I, § 16, Fla. Const. However, "the essential aim of the Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L. Ed. 2d 140 (1988). Thus, we have acknowledged that a defendant's right to be represented by an attorney of his or her choosing is neither unfettered nor absolute. *See Jones*, 271 So. 3d at 1044.

Consequently, "it is within a trial court's discretion to deny a defendant's request for particular counsel when there is a 'countervailing public interest in the fair and orderly administration of justice.'" *Foster v. State*, 704 So. 2d 169, 173 (Fla. 4th DCA 1997) (quoting *Bundy v. State*, 455 So. 2d 330, 347 (Fla. 1984), abrogated on other grounds by *Fenelon v. State*, 594 So. 2d 292 (Fla. 1992)). "For example, a defendant's invocation of the right to choose his own attorney may not be made in bad faith or 'for the sake of arbitrary delay or to otherwise subvert judicial proceedings.'" *Id.* (quoting *Holley v. State*, 484 So. 2d 634, 636 (Fla. 1st DCA 1986)).

In the instant case, Defendant made his request for a continuance on the eve of trial. "Although requests for substitution of counsel on the eve of trial are disfavored, we have held that this fact alone" is not determinative. *Jones*, 271 So. 3d at 1044 (quoting *Bentz v. State*, 251 So. 3d 201, 205 (Fla. 4th DCA 2018)). Instead, "any denial of an accused's request for a continuance to retain counsel of choice must be based on an adequate inquiry into the surrounding circumstances and 'proper findings to show that the defendant's constitutional right is not being arbitrarily denied.'" *Deal v. State*, 145 So. 3d 212, 214 (Fla. 4th DCA 2014) (quoting *Alvarez*, 75 So. 3d at 423). "The '[f]actors to be considered by the trial

court include whether the motion is being made in bad faith or as a delay tactic; whether a continuance would prejudice the State; or whether the court's schedule would not permit a continuance.'" *Jones*, 271 So. 3d at 1044 (alteration in original) (quoting *Valcarcel v. State*, 201 So. 3d 795, 798 (Fla. 4th DCA 2016)).

The instant case's facts are similar to *Valcarcel*'s facts. There, one week before his scheduled sentencing hearing, the defendant's family retained a private attorney, who filed a motion to continue the sentencing hearing to prepare. 201 So. 3d at 797. Two days before the sentencing hearing, the defendant's court-appointed counsel filed a motion to withdraw, citing problematic statements in the private attorney's motion to continue. *Id.* At the hearing on the court-appointed attorney's motion to withdraw, private counsel told the trial court he could not take the case if the trial court did not grant a continuance, so when the trial court denied the continuance, it also denied the court-appointed attorney's motion to withdraw. *Id.* The defendant proceeded to sentencing while represented by the court-appointed attorney. *Id.* On appeal, this Court determined "that the trial court summarily denied the motion to continue, which resulted in the summary denial of [the defendant's] counsel of choice," as the trial court made neither an inquiry into the surrounding circumstances nor clear findings that the defendant's constitutional rights were not being arbitrarily denied. *Id.* at 797-98.

Like in *Valcarcel*, the trial court here erred in denying Defendant's request for a continuance to retain counsel of his choice without conducting *any* inquiry into the surrounding circumstances and making *any* findings to show that Defendant's right to counsel of his choice was not being arbitrarily denied. *See also Hillsman v. State*, 159 So. 3d 415, 421 (Fla. 4th DCA 2015) (reversing where "no inquiry of any kind was made" by the trial court). Further, not only did the trial court fail to conduct any inquiry, but it cut private counsel off when he was attempting to explain the motion. Moreover, not only did the trial court fail to make clear findings demonstrating that Defendant's constitutional right was not being arbitrarily denied, its reasoning for denying Defendant's motion indicates that the trial court *did* arbitrarily deny Defendant his constitutional right. In ruling, the trial court stated that it was not going to allow "defendant[s to] run the show around here, picking new lawyers . . . and getting continuances." We agree with Defendant's argument that this statement indicates that the trial court denied Defendant's request for a continuance based on a general policy, rather than on the circumstances of the case. *Cf. Brown v. State*, 942 So. 2d 12, 15 (Fla. 1st DCA 2006) (finding that although "the trial court made reference to a policy to deny motions for a continuance when they were made after a late substitution

of counsel," it properly exercised its discretion in hearing argument and ruling on the motion).

Further, after the trial court denied Defendant's request at the hearing, Defendant filed a written motion, directing the trial court to case law and arguing that it was error for the trial court to have denied Defendant's request for a continuance without an adequate inquiry and proper findings. However, when the trial court addressed Defendant's written motion on the morning of trial, indicating that it had "reviewed" Defendant's motion, it still made no inquiry or findings. Thus, even confronted with its error and the opportunity to correct it, the trial court still failed in performing its duty.

Finally, the State argues that any error as to the trial court's denial of a continuance is harmless. However, the case on which the State relies to argue harmless error, *Barnhill v. State*, 834 So. 2d 836 (Fla. 2002), did not involve a request for a continuance for the defendant to retain counsel of choice, but instead, a motion for continuance for a witness to personally appear to testify. *Id.* at 847. To the contrary, as we have stated, "[a] wrongful denial of the right to be represented by a privately retained lawyer of defendant's choice . . . is prejudicial per se." *Jones*, 271 So. 3d at 1044. Thus, we reject the State's harmless error argument.

Accordingly, the trial court erred in failing to make any inquiry into the circumstances surrounding Defendant's request for a continuance to retain private counsel of his choice. Additionally, the trial court failed to make findings to demonstrate that Defendant's constitutional right to counsel of his choice was not arbitrarily denied. Therefore, we reverse Defendant's judgment and sentences and remand for a new trial.

*Affirmed in part, reversed in part, remanded for new trial.*

MAY and LEVINE, JJ., concur.

*        *        *

**Not final until disposition of timely filed motion for rehearing.**

5